**Rosa V. SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 11520.**

Court of Civil Appeals of Texas.

Austin.

Sept. 13, 1967.

C. B. Bunkley, Jr., Dallas, for appellant.

Crawford C. Martin, Atty. Gen., George M. Cowden, First Asst. Atty. Gen., A. J. Carubbi, Jr., Staff Legal Asst. Atty. Gen., John R. Grace, Kerns B. Taylor, Asst. Attys. Gen., Austin, for appellee.

O'QUINN, Justice.

The State brought this suit against Howard Lewis as the operator of the Empire Room in Dallas County for delinquent admissions taxes imposed under Article 21.02 of Title 122A in the amount of $3,365.91. The State sued Rosa V. Smith as owner of the land and building where Lewis operated the Empire Room under provisions of Article 21.04(2) of Title 122A seeking foreclosure of the tax lien on the Smith property.

Lewis was served with process but defaulted, and judgment was entered against him for the amount of the taxes.

Rosa V. Smith answered denying that Lewis owed delinquent admissions taxes in the amount sued for and asserted that the taxes assessed against Lewis constituted an estimate and were not the actual taxes due. Correctness of the amount of taxes claimed by the State was challenged and demand made for strict proof.

The case was tried before the court without a jury. Judgment was entered November 14, 1966, awarding the State recovery of

the taxes in the sum of $3,245.64 and declaring the State's lien prior and superior to the title and interest of Rosa V. Smith and ordering foreclosure of the tax lien on the property used in the business.

Appellant Rosa V. Smith assigns five points of error on appeal. The pith of these points is that the State's claim for taxes is based in part on a computation and not on an actual count of the number of tickets sold at the Empire Room.

The tax period involved in this case covers the year 1962 and the first nine months of 1963. Quarterly reports were filed with the Comptroller for the nine months of 1963, but no reports were made for 1962. The tax claim for 1963 is based on calculations made from the quarterly reports filed by the operator. The claim for 1962 was based on an estimate or computation made by the Comptroller. Appellant's attack centers upon the estimated tax for the year 1962.

At the outset of trial the State introduced its tax claim by certificate under provisions of Article 1.08, Title 122A. The claim covered the year 1962 and the first nine months of 1963, being the entire tax period. Appellant made objection to the evidence which the court overruled. On appeal admission of the certificate is not assigned as error.

Under Article 1.08 the State proved the tax claim upon introduction of the certified claim of the Comptroller. Appellant had the burden at that point to show the incorrectness of the claim.

Appellant called as a witness W. C. Schulle, assistant director of the excise and store tax division of the State Comptroller's office. Schulle testified he had signed quarterly reports from Howard Lewis for the first nine months of 1963. From more recent and from earlier reports, it was Schulle's opinion that the reports for 1963 were signed by Lewis. The reports were received by the Comptroller's office and marked by his stamps of receipt. These three quarterly reports were introduced in evidence by the State. Schulle testified that the Comptroller had no reports from Lewis for the year 1962 and that apparently no records were kept by Lewis available to the State for that period.

An official report of J. C. Pugh, a district supervisor for the State Comptroller, was introduced by the State without objection from appellant, showing that Howard Lewis estimated tickets sold in 1962 at the Empire Room were "1,950 tickets at $.75 each; 14,300 tickets at $1.00."

It was shown that some time after suit was filed Howard Lewis admitted he owed the taxes in controversy and agreed to make monthly payments to discharge the claim. At least one payment of $150 was made pursuant to this agreement.

Appellant did not subpoena Lewis or the auditor who obtained from Lewis his estimate of the tickets for 1962, nor did appellant take the stand herself, to prove an amount of taxes different from the State's claim. No evidence as to the amount of taxes was offered by appellant in reply to the State's prima facie proof. The evidence offered appears to be an attack only upon the weight of the State's evidence.

Appellant challenges the right of the State to compute or estimate the tax for 1962 and insists that the tax must be based strictly upon the formula prescribed by Article 21.02(4) in levying the tax. The statute levies a tax of one cent on each ten cents, or fractional part of ten cents, paid as admission to dance halls and night clubs where the admission exceeds fifty-one cents. The Comptroller determined the taxes due based upon information Lewis gave, as well as the value of business, and upon tax reports Lewis made prior to 1962 and for the year 1963.

Article 21.01 requires the filing of quarterly reports on fees for admission to all places of amusement subject to the tax. Records are required to be kept under provisions of Article 21.03. Failure to file reports and failure to keep records are made

offenses under Article 21.04(3). We believe the taxpayer may not escape the tax and defeat the State in enforcement of its lien by failing to make reports or to keep records, in violation of the law. We think common sense would dictate that if a taxpayer fails to make reports or to keep proper records, some formula must be devised to determine the tax imposed by legislative authority. Mitchell Brothers Truck Lines v. Hill, 227 Or. 474, 363 P.2d 49 (1961).

■ When an administrative body, charged with the duty of enforcing the tax laws, adopts a formula to determine the tax in situations such as encountered in this case, the courts should presume the formula is calculated to reach a reasonable result. It was held in Smith v. State, 64 Wash.2d 323, 391 P.2d 718 (1964), that where the tax cannot be determined with reasonable mathematical certainty from the records of the taxpayer, and the taxing authority declares the tax due from all information available that it deems reasonable, the burden to show the determination unreasonable, excessive, or that it was achieved capriciously or arbitrarily, shifts to the complainant.

■ A determination such as made by the Comptroller in this case is authorized under Article 1.032(A) of Title 122A. Under the heading, "Deficiency Determination," this article reads:

"If the Comptroller is not satisfied with the return or returns of the tax or the amount of tax required to be paid to the State by any person, he may compute and determine the amount required to be paid upon the basis of the facts contained in the return or returns or upon the basis of any information within his possession or which may come into his possession." (Acts 1965, 59th Leg., ch. 402, sec. 8, p. 830).

■ This statute became effective July 1, 1965. The enactment contained no language confining its operation to prospective operation as distinguished from retroactive effect. The apparent legislative intent expressed in the emergency clause, was to strengthen tax administration procedures in all proceedings pending on the effective date of the law, as well as in proceedings initiated thereafter. Statutes relating to remedies and procedure, including evidence or proof, may be given retroactive as well as prospective effect. 53 Tex.Jur.2d, Statutes, sec. 29, p. 53, and cases cited.

In other jurisdictions having similar statutes, the courts have approved various formulas and found them sufficient if the method used was reasonably calculated to reflect the taxes due. W. T. Grant Co. v. Joseph, 2 N.Y.2d 196, 159 N.Y.S.2d 150, 140 N.E.2d 244 (estimate of taxes on total number of sales where taxpayer had no record of individual sales); Maganini v. Quinn, 99 Cal.App.2d 1, 221 P.2d 241 (total number of drinks sold, records kept on cash register tape, established price for each brand applied to inventory sold); Fillichio v. Department of Revenue, 15 Ill.2d 327, 155 N. E.2d 3 (gross receipts determined according to best judgment and information).

■ With the prima facie presumption established that the State's claim for admissions taxes against Howard Lewis was as shown in the Comptroller's certificate under Article 1.08, appellant had the burden to overcome the inference with such evidence tending to support the contrary as would be conclusive, or evidence so clear and positive it would be unreasonable not to give effect to it as conclusive. Southland Life Ins. Co. v. Greenwade, 138 Tex. 450, 159 S.W.2d 854.

■ To overturn the assessment established by the Comptroller, appellant was required to show by competent evidence that the assessment was arbitrary or illegal and that it was excessive. City of Arlington v. Cannon, 153 Tex. 566, 271 S.W.2d 414. The burden was also on appellant to show that the method or formula used by the Comptroller was fundamentally wrong and that its application substantially injured appellant. State v. Whittenburg, 153 Tex. 205,

265 S.W.2d 569. The substantial injury suffered must be more than a showing that a tax was imposed, but not shown to be unjust, and a foreclosure was effected to enforce collection of the tax imposed.

We conclude that appellant failed to offer the evidence required to overcome the prima facie presumption established by the State.

The judgment of the district court is affirmed.

Affirmed.