**BIG COUNTRY CLUB, INC., Appellant,**

**v.**

**O. N. HUMPHREYS, Jr., Administrator, Texas Alcoholic Beverage Commission, et al., Appellees.**

**No. 7584.**

Court of Civil Appeals of Texas, Beaumont.

June 6, 1974.

Rehearing Denied June 27, 1974.

**316**

Hanna & Burke, Abilene, for appellant.

R. L. Lattimore, Asst. Atty. Gen., Austin, for appellees.

DIES, Chief Justice.

Big Country Club, Inc., is a private club operating in Taylor County, holding a private club registration permit issued by the Texas Alcoholic Beverage Commission. The Commission ran two audits on the period, November 4, 1970, through April 24, 1973, to determine if the proper taxes were paid by Club; determined they were not; and, under protest, Club paid additional taxes in the amount of $6,814.99, for which it sued under the terms of Art. 7057b, Vernon's Ann.Civ.St. The trial court withdrew the case from the jury and rendered judgment against Big Country Club, Inc., (referred to herein as Club) from which it perfects this appeal. It brings five points of error, but they all present the essential question of which party has the burden of proving the taxes due under this situation.

The president of the Club presented daily cash register tapes which he testified showed the sales he was aware of; and, on the basis of these tapes, the required taxes were paid. The auditors of the Commission were not satisfied with these records; and, through suppliers of the beverages, determined that a large quantity had been purchased by Club during the period involved which was unaccounted for. The auditors then utilized a depletion analysis which determined, they contend, Club had 83,160 available servings during the period involved but only reported tax paid on 55,123 servings. The depletion analysis involves adding the amount purchased and the inventory on hand. Informed that this Club served one ounce drinks, they computed the number of drinks served by calculating 25 per quart (allowing a spillage of 7) and 20 per fifth (which has 25.6 ounces). No spillage of course is allowed on cans of beer.

■ No contention of fraud by Club or its president is made by the Commission. They simply contend that Club had the burden to show what happened to the merchandise unaccounted for. We agree and affirm the trial court's judgment. Any other rule, we think, would make it impossible for the State to collect the taxes owed it in this type situation.

In Smith v. State, 418 S.W.2d 893, 896 (Tex.Civ.App., Austin, 1967, no writ), the court said:

"We think common sense would dictate that if a taxpayer fails to make reports or to keep proper records, some formula must be devised to determine the tax imposed by legislative authority. Mitchell Brothers Truck Lines v. Hill, 227 Or. 474, 363 P.2d 49 (1961)."

■ Club argues that in the *Smith* case taxpayer had no records, while Club presented all the records it kept. However, we believe the principle is the same. When the records do not account for vast quantities of liquor purchased, and the State computes the tax on a reasonable formula, such as here, the burden then shifts to Club to prove that the tax determination was unreasonable, excessive, or that it was achieved capriciously or arbitrarily. Club here made no effort to account for the large quantity of liquor purchased on which no taxes were paid. Just to introduce its register tapes and say that this was all that could be accounted for was not enough and did not meet this burden.

Regulation No. 64, 11(c), of the Texas Alcoholic Beverage Commission (effective December 1, 1972) provides:

"In examining the tax account of any permittee to establish its gross receipts tax liability, the Commission presumes that the disposition of all alcoholic beverages purchased by the permittee is taxable until the contrary is established. The burden of proving the contrary shall be upon the permittee and must be established through authentic records."

It is true, as above noted, that this regulation was not in effect during the entire period (November 1, 1970, through April 24, 1973) under review. However, Art. 666-21(3)(g), Vernon's Ann.T.S.—Penal Aux.Laws 1973 Pamph., at 234, provides:

"(g) In any suit brought to enforce the collection of any tax owed by a permit holder, a certificate by the Commission or Administrator showing the deficiency shall be prima facie evidence of the levy of the tax or the delinquency of the amount of tax and penalty set forth therein and compliance by the Commission with all provisions of this Act in relation to the computation and levy of the tax."

Such certificate was here introduced. Club argues, since it brought the suit under Art. 7057b, V.A.C.S., this article does not apply.

■ The original defendants, O. N. Humphreys, Jr., Administrator, Texas Alcoholic Beverage Commission; John Hill, Attorney General; and Jesse James, State Treasurer, filed a cross action to validate the levy, computation and amount of delinquent tax and penalty assessed by the Texas Alcoholic Beverage Commission against Club. We believe this cross action made the certificate prima facie evidence of Club's delinquency. No evidence was offered by Club to explain the liquor unaccounted for; hence, no issue was presented for jury determination. All points of error of appellant are overruled. The judgment of the trial court is affirmed.

Affirmed.