**Bill BAKER, Appellant,**

v.

**Bob BULLOCK, Comptroller of Public Accounts of the State of Texas, Appellee.**

**No. 12346.**

Court of Civil Appeals of Texas, Austin.

Oct. 22, 1975.

Rehearing Denied Nov. 19, 1975.

**280**

Michael L. Cook, Clark, Thomas, Winters & Shapiro, Austin, for appellant.

John L. Hill, Atty. Gen., Catherine Belt Jacob, Asst. Atty. Gen., Austin, for appellee.

PHILLIPS, Chief Justice.

Appellant Baker sued the appellee Comptroller for a refund[1] of approximately $8,000 in sales taxes that the Comptroller had demanded and received. On a single special issue presented it, the jury awarded appellant the refund sought. The trial court then sustained appellee's motion for judgment *non obstante veredicto* and entered judgment that appellant take nothing by his suit. We affirm this judgment.

Appellant is before us on a single point of error, which we overrule, complaining of the action of the trial court in granting appellee's motion *non obstante veredicto*. He argues there was sufficient evidence before the court to support the jury's finding that the determination of sales tax deficiency by the appellee was unreasonable, excessive, or that it was achieved capriciously or arbitrarily.

The Comptroller's determination of the taxes in question was obtained by use of the purchase invoice method. This formula is authorized by Tex. Tax.-Gen. Ann. art. 20.05(I)(1)(a) (1969) and has been employed as a standard audit method by the Comptroller's office since 1962. Briefly stated, it involves determining the merchant's tax liability by the calculation of a fraction consisting of the total of his purchases of tax-exempt merchandise as the numerator, and his total merchandise purchases as the denominator. His gross sales are then multiplied by this fraction and the result, his tax-exempt sales, is subtracted from his gross sales to obtain his taxable sales. The current tax rate is then applied to his taxable sales to obtain the amount of tax due.

Appellant contends that the deficiency determination arrived at as a result of this method is incorrect since, first, the auditor did not take into account the fact that sales sometimes occur in tax periods other than the tax period of purchase; second, changes in markup and the difference in markup

---

1. This refund was sought under the provisions of Article 20.10, Texas Civil Statutes, Taxation-General.

between taxable and exempt items were not considered. Finally, appellant insists, the Comptroller did not consider the effect of the transfers of merchandise between stores.

Whether these purported defenses were valid cannot be determined from the record. Appellant presented no records to substantiate his contentions.

 By statute,[2] the Comptroller's delinquency certificate is accorded the presumption of correctness. In order to overcome this presumption, the taxpayer must conclusively establish he owes no tax. This was appellant's burden, and we agree with the decision of the trial court that he failed, as a matter of law, to discharge it. See *Big Country Club, Inc. v. Humphreys, Administrator, Texas Alcoholic Beverage Commission*, 511 S.W.2d 315 (Tex.Civ.App.1974, writ ref'd n. r. e.); *Smith v. State*, 418 S.W.2d 893 (Tex.Civ.App.1967, no writ).

Vague allegations alone by a taxpayer seeking a refund to the effect that the Comptroller's method of ascertaining the tax due was either incorrect or inapplicable are not sufficient to merit consideration by the trier of facts. The law is clear that in a suit for a refund, the taxpayer must show not only that he overpaid, but also, the exact amount of the overpayment. *Calvert v. Union Producing Co.*, 154 Tex. 479, 280 S.W.2d 241 (1955); *A. W. Cullum & Co. v. Calvert*, 450 S.W.2d 419 (Tex.Civ.App. 1970, writ ref'd).

The judgment of the trial court is affirmed.

---

2. Tex. Tax.-Gen. Ann. art. 20.09(E) (1969).