■ In the Matter of URBAN LIQUORS, INC., et al., Petitioners, v STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commisson which sustained the imposition of additional sales and use taxes in the amount of $8,769.64 for the period March 1, 1972 through February 28, 1975. Petitioner Urban Liquors, Inc., is the corporate owner and operator of a retail liquor store in Brooklyn, New York. The individual petitioner is the sole shareholder of the corporation. A random audit conducted in 1975 by the Sales Tax Bureau revealed substantial discrepancies between gross sales reported on petitioners' Federal income tax returns, on their general ledger and on their sales tax returns. Since petitioners' records did not include copies of each sales slip separately stating the sales tax, as required by section 1135 of the Tax Law, the auditor examined petitioners' purchase invoices for a one-month test period and compared the cost of a number of the items purchased with prices actually being charged by petitioners during that period to determine the average markup. The auditor then applied this average markup to petitioners' total purchases for the audit period to obtain an estimate of petitioners' total taxable sales. Based upon this estimate, the Sales Tax Bureau issued a notice of determination and a demand for additional sales taxes in the amount of $8,769.64 plus interest and penalties. Petitioners requested a formal hearing, which resulted in the determination under review herein. Initially, it should be noted that the individual petitioner was advised of his right to have an attorney represent him at the hearing, but he chose to proceed with the hearing without counsel. He elected not to cross-examine the auditor or any of the other witnesses testifying in support of the audit. Although he stated that the audit was based on an incorrect markup, he presented no evidence in support of his assertions. Petitioners also claim that the use of a test period to determine estimated taxable sales was not necessary. Their records, however, contained substantial discrepancies in reported gross sales during the audit period and there were no records of each sale separately stating the sales tax. It was, therefore, impossible to determine petitioners' tax liability solely from the records. Under such circumstances, resort to outside indices, such as purchases, was proper (Tax Law, § 1138, subd [a]; *Matter of Meyer v State Tax Comm.*, 61 AD2d 223, mot for lv to app den 44 NY2d 645). Since petitioners' records were incomplete, it was respondent's duty to select a method of audit reasonably calculated to reflect the taxes due (*Matter of Grant Co. v Joseph*, 2 NY2d 196, 206), and petitioners have the burden of demonstrating by clear and convincing evidence that the method of audit or amount of the tax assessed was erroneous (*Matter of Surface Line Operators Fraternal Organization v Tully*, 85 AD2d 858, 859). While petitioners have suggested several possible

inaccuracies in the audit method by the Sales Tax Bureau, they failed to show by clear and convincing evidence that the audit method or the tax was erroneous. The Tax Commission's determination must, therefore, be confirmed. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.