**Volney R. HYLTON, Jr., Appellant,**

v.

**The STATE of Texas, et al., Appellees.**

**No. 13867.**

Court of Appeals of Texas,
Austin.

Jan. 25, 1984.

Rehearing Denied Feb. 29, 1984.

Mike Willatt, Austin, for appellant.

Jim Mattox, Atty. Gen., Franklin Scott Spears, Jr., Asst. Atty. Gen., Austin, for appellees.

Before PHILLIPS, C.J., and EARL W. SMITH and GAMMAGE, JJ.

PHILLIPS, Chief Justice.

Volney R. Hylton, Jr., appeals the judgment of the trial court which, following a nonjury trial, rendered judgment against appellant for delinquent sales taxes owed to the State of Texas and to the City of La Porte.

We affirm the trial court's judgment.

During the period for which appellees sought taxes (October 1, 1973 through June 30, 1977), appellant was in the business of hauling and selling sand, gravel, and clay. In 1977 the Comptroller notified appellant that his account had been selected for a routine sales tax audit. The Comptroller requested that appellant furnish records which would substantiate information reflected in appellant's sales tax returns. Thereafter, appellant burned his business records to prevent federal agents (attempting to enforce the Mining Safety Act) from inspecting them.

In 1979 the Comptroller issued a delinquency certificate stating that appellant owed approximately $153,000 in sales taxes, penalties, and interest. The taxes had been computed based upon the presumption that appellant's gross sales, as reflected on his sales tax returns, were subject to taxation.

In 1982 appellant's attorney reconstructed part of the burned records (from records of some purchasers) and submitted them to the Comptroller. An updated delinquency certificate was issued reflecting that approximately $140,000 was owed. Some of the reconstructed records were rejected because they did not conform to regulations promulgated by the Comptroller.

The trial court rendered judgment against appellant for the amount reflected in the second delinquency certificate. It held that the Comptroller's delinquency certificate is presumed correct and that in order to overcome this presumption appellant must conclusively establish that he owes no taxes.

In his first two points of error appellant contends that the trial court applied the wrong standard of proof. He advances that he did not have to conclusively establish that he owes no taxes, but rather that he only had to overcome the presumption of correctness of the delinquency certificate by a preponderance of the evidence.

Under the law in existence during the relevant time period, sellers had the duty to collect and remit to the Comptroller a tax on gross retail sales of taxable items. Tex.

Tax.—Gen.Ann. arts. 20.02, 20.05(A) (repealed by Acts 1981, 67th Leg., ch. 389, § 39(a), eff. Jan. 1, 1982). It was statutorily presumed that gross receipts were subject to the sales tax until the contrary was established; the burden of proving that a sale was not a retail sale was upon the seller unless he took from the purchaser a "resale certificate" (which certified that the sale was not a retail sale). *Id.* art. 20.021 (F & G). The resale certificate was required to be substantially in such form as the Comptroller prescribed. *Id.* art. 20.-021(H)(2).

The Comptroller was statutorily authorized to require that sellers keep records and was authorized to examine such records to verify the accuracy of sales tax returns. *Id.* art. 20.11. The Comptroller promulgated a regulation requiring that records be kept "to substantiate any claimed exclusions authorized by law."

■ It was provided by statute that in an action for recovery of the sales tax the Comptroller's tax delinquency certificate would be *prima facie* evidence of the justness and correctness of the State's claim. Tex.Tax—Gen.Ann. art. 20.09 (E & G) (repealed by Acts 1981, 67th Leg., ch. 389, § 39(a), eff. Jan. 1, 1982). This Court has held that a taxpayer has the burden to overcome a deficiency certificate's presumed correctness with such evidence tending to support the contrary as would be conclusive, or evidence which would be so clear and positive it would be unreasonable not to give effect to it as conclusive. *Nu-Way Oil Co. v. Bullock*, 546 S.W.2d 336 (Tex.Civ.App.1976, no writ); *Smith v. State*, 418 S.W.2d 893 (Tex.Civ.App.1967, no writ). The taxpayer must in some way conclusively establish that he owes no tax. *Baker v. Bullock*, 529 S.W.2d 279 (Tex.Civ. App.1975, writ ref'd n.r.e.).

■ Such conclusive evidence is required only to overcome the deficiency certificate's presumed correctness; once such presumption is overcome the ultimate issue must be decided by a preponderance of the competent evidence. *See Paine v. State*

*Bd. of Equalization,* 137 Cal.App.3d 438, 187 Cal.Rptr. 47 (1982). The trial court did not apply the wrong standard of proof. It merely held that appellant had to conclusively establish he owed no taxes *in order to* overcome the certificate's presumed correctness. Appellant's first two points of error are overruled.

 In his third point of error appellant contends that the trial court erred in holding that appellant's case consisted of vague allegations that the Comptroller's method of ascertaining the tax due was either incorrect or inapplicable and was not sufficient to merit consideration by the trier of facts. In his fourth point of error appellant contends that the judgment of the trial court was contrary to the overwhelming weight and preponderance of the evidence.

Appellant's evidence consisted primarily of the testimony of himself and his wife. They testified that they charged and remitted to the Comptroller a sales tax on all sales wherein the purchaser did not produce a "tax exemption certificate" or "certificate of the exemption." It is not clear from their testimony whether they procured from their customers a "resale certificate," and if so whether it complied with the Comptroller's requirements. Appellant does not challenge the trial court's findings that the records reconstructed by appellant and rejected by the Comptroller were unacceptable; such records were introduced into evidence.

Appellant's accountants testified that they never saw any exemption or resale certificates in records provided them by appellant. They did see invoices upon which someone else had indicated whether the sale was exempt. These invoices were used to prepare the tax returns. The tax returns, along with canceled checks (which evidenced payment of taxes reported by appellant), were introduced into evidence.

We hold that as a matter of law appellant has failed to present evidence which would overcome the delinquency certificate's presumed correctness. To allow appellant's evidence to overcome the presumption, especially in light of appellant's intentional destruction of his business records, would render meaningless the regulatory scheme requiring a taxpayer to keep and produce records to substantiate exclusions. *See Paine v. State Bd. of Equalization, supra; Urban Liquors, Inc. v. State Tax Com'n,* 90 A.D.2d 576, 456 N.Y.S.2d 138 (1982). Appellant's third and fourth points of error are overruled.

The trial court's judgment is affirmed.