Bunch King BRITTAIN, Appellant,

v.

W.S. McBEATH, Administrator of the
Texas Alcoholic Beverage Commission,
et al., Appellees.

No. 9090.

Court of Appeals of Texas,
Texarkana.

Jan. 31, 1984.

Rehearing Denied Feb. 28, 1984.

Malcom C. Smith, Smith & Coffman,
Austin, for appellant.

Gilbert J. Bernal, Jr., Asst. Atty. Gen.,
Austin, for appellees.

HUTCHINSON, Justice.

Bunch King Brittain appeals from a judgment that he recover nothing after a trial before the court. Brittain sued the Administrator of the Texas Alcoholic Beverage Commission (TABC), the Attorney General and the State Treasurer in their official capacities to recover $7,524.64 which he had paid to TABC under protest. TABC had assessed the $7,524.64 as delinquent and unreported gross receipt taxes and penalties after conducting audits of his two establishments, "Austin Country," and "New Apartment," licensed to sell alcoholic mixed beverages in Austin, Travis County, Texas.

Brittain here asserts thirty-one points of error. By Point of Error No. 1 he contends that TABC arbitrarily and capriciously assessed the $7,524.64 as an inventory tax on the dollar value of the inventory as computed by the audits and not on the amount of gross receipts he actually received and by Point of Error No. 30 that the trial court erred by placing the initial burden of proof on the appellant.

■ The case of *Big Country Club, Inc. v. Humphreys*, 511 S.W.2d 315 (Tex. Civ.App.—Beaumont 1974, writ ref'd n.r.e.), supports the judgment of the trial court based upon its finding that Brittain did not meet his burden of proof to show that the tax determination was unreasonable, excessive or achieved capriciously or arbitrarily. Since Brittain's records do not account for all of the liquor dispersed and the depletion analysis method for computing the tax is a reasonable one, the trial court was correct in placing the initial burden of proof on Brittain. Thus, these two points of alleged error are without merit.

By his Point of Error No. 31, Brittain contends that the trial court erred in admitting the audits for the Austin Country and the New Apartment for their truth as establishing that he owed the $7,524.64 because the State had not laid a predicate by introducing evidence that (1) Brittain failed to keep complete and proper records, (2) that his records do not account for vast quantities of his inventory, and (3) that the

$7,524.64 was computed under a reasonable formula.

■ Brittain is incorrect in his statement that the introduction of the audits into evidence had the effect of establishing the truth of the matter as to the amount alleged to be owed by him. As stated at their time of admission into evidence the prima facie nature of their validity and content went to the trueness and correctness of the copies of the audits themselves and did not affect or prevent putting into issue the reasonableness or correctness of the audits. Further, Section 5.45 of the Tex.Alco.Bev.Code Ann. (Vernon 1978) and Article 3731a, § 1, Tex.Rev.Civ.Stat.Ann. (Vernon Supp.1982–1983) allows for the admission into evidence of audits such as these. There is nothing irregular in the admission of the audits into evidence and therefore the point of error is denied.

■ The remaining points of error are basically evidentiary complaining of evidence supporting the trial court's findings. Each of these points may be affirmed if there is at least some evidence within the record to support each of them. Since the evidence is to be viewed in the light most favorable to the verdict and consider only the evidence and inferences that support the verdict, a point should be sustained only where there is a complete lack of or no more than a scintilla of evidence. *Freeman v. Texas Compensation Ins. Co.*, 603 S.W.2d 186, 191 (Tex.1980). The trial court's findings should be sustained if there is some evidence of probative value to support them and they are not against the great weight and preponderance of the evidence. *Carrasco v. Goatcher*, 623 S.W.2d 769 (Tex.App.—El Paso 1981, no writ).

■ When all of the evidence is studied there is no doubt that there was more than a scintilla of evidence to support the trial court's findings of fact and conclusions of law. This Court is not authorized to substitute its judgment for that of the trial court. *Chitsey v. Pat Winston Int. Design, Inc.*,

558 S.W.2d 579 (Tex.Civ.App.—Austin 1977, no writ).

The judgment is affirmed.