■ In the Matter of CASHELARD RESTAURANT, INC., Petitioner, v STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained a sales and use tax assessment imposed pursuant to articles 28 and 29 of the Tax Law. ¶ Petitioner operates a Blarney Stone bar and restaurant on the west side of Manhattan. The State Department of Taxation and Finance audited petitioner in 1978 to determine whether sufficient sale tax had been paid for the period September 1, 1975 to August 31, 1978. Upon examination of petitioner's records, the Department's auditor found that the general ledger and Federal tax returns were $101,563.57 higher than sales reported on petitioner's sales tax returns. Furthermore, the auditor found that petitioner's book reflected a 60% food markup and a 147% combined beer and liquor markup which, in the Department's experience, was low. Because of the unexplained discrepancy between the general ledger and Federal tax returns and the sales tax returns, and because of petitioner's failure to supply records and worksheets documenting the procedures used to calculate the sales tax, the auditor performed a purchase "markup test" based on a three-month test period. The test resulted in a food markup of 129% and a combined beer and liquor markup of 275%. On the basis of his findings, the auditor determined that petitioner had underreported its bar and restaurant sales, and he recommended that petitioner be assessed $43,062.25, plus a penalty and interest, for a total amount due and owing of $63,389.69. In accordance with that recommendation, the Department assessed petitioner $63,389.69. ¶ Petitioner timely filed a letter of protest with the Department and, following the filing of petitioner's perfected petition, a hearing was held. Although petitioner conceded at the hearing that some tax is owing, it disputed the amount of this tax. At the hearing, petitioner asserted that the Department's markups were overstated and the assessment erroneous because no allowances were made for

unit pricing and because the audit did not take into account the actual beer and liquor glass used; free-hand liquor pouring; happy hours; meat shrinkage and actual portion sizes; employee alcohol and meal consumption; turkey raffles and liquor donations; and unprepared take-out food sold over the counter. Petitioner also asserted that the 15% deduction to account for spillage and spoilage was insufficient. ¶ After the hearing, respondent sustained the notice of determination and demand for payment of sales and use taxes due, finding that petitioner failed to sustain its burden of proof through records and credible testimony demonstrating that the Department's method of audit or the amount of the tax assessed was erroneous. The instant CPLR article 78 proceeding ensued and was transferred to this court. ¶ Contrary to petitioner's arguments, a review of the record reveals that the Department's audit was "reasonably calculated to reflect the taxes due" and that petitioner failed to sustain its burden of proving by clear and convincing evidence that the audit was erroneous (see *Matter of Urban Liqs. v State Tax Comm.*, 90 AD2d 576). Respondent's determination must, therefore, be confirmed. ¶ Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.