TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00399-CV






Michael Wade Penny and Dena Penny Penor, Appellants



v.



State of Texas; City of Mount Pleasant, Texas; 


and County of Titus, Texas, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT


NO. 94-10751, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING 







 Appellants Michael Wade Penny and his mother Dena Penny Penor appeal the judgment
of the trial court which, following a nonjury trial, rendered judgment against appellants for delinquent hotel
occupancy and sales taxes owed to appellees the State of Texas, City of Mount Pleasant, and County of
Titus. We will affirm the judgment of the trial court.


BACKGROUND


 In 1982, appellants built a Ramada Inn Motel in Mount Pleasant, Texas. Appellants, who
formed a partnership, owned the hotel in part and were responsible for the operation of the hotel and the
club located inside the hotel. When appellants first opened the hotel, they applied for and were issued a
state tax identification number and a sales tax permit. They also filled out a hotel tax questionnaire to
establish a hotel tax account. 

 Appellants allege that in June 1987 they sold the hotel to Patti Penny Hansen, Michael
Wade Penny's daughter and Dena Penny Penor's granddaughter. (1) Appellants neither notified the
Comptroller of the sale of the hotel to Hansen, nor requested a certificate of no tax due prior to or after the
transfer of the hotel to Hansen. The hotel and club continued to operate under the same taxpayer
identification number assigned to appellants; a new number in Hansen's name was never requested. In
addition, appellants remained the sales tax permit holders and registered taxpayers for hotel occupancy tax
until the hotel closed in 1993. (2)

 In 1993, the hotel was audited. At the time of the audit, the Comptroller's records showed
appellants as the persons responsible for hotel occupancy and sales taxes. In June 1993, the Comptroller
sent a notice of tax due to appellants in the amount of $24,744.02 in hotel occupancy taxes and
$10,516.66 in sales taxes. When appellants did not respond to the June notice and subsequent letters sent
by the Comptroller, the Comptroller issued a sales tax delinquency certificate on December 31, 1993, and
a hotel occupancy tax delinquency certificate on February 1, 1994. Updated delinquency certificates were
issued prior to trial. Following a bench trial, the trial court rendered judgment against appellants for the
amount of hotel occupancy tax and sales tax reflected in the updated delinquency certificates. 



BURDEN OF PROOF


 In two points of error, appellants contend that the Comptroller's tax delinquency certificates
are prima facie evidence solely of the amount of tax owed, and that they do not create a presumption that
appellants are liable for payment of the hotel occupancy and sales taxes stated in the certificates. They
argue that appellees bear the burden of proving that appellants are liable for the hotel occupancy and sale
taxes and that they failed to provide legally or factually sufficient evidence that appellants are liable for the
taxes.

 The Tax Code specifically provides that the Comptroller's delinquency certificate of tax
liability is prima facie evidence of:


(1) the stated tax or amount of tax, after all just and lawful offsets, payments, and credits
have been allowed;


(2) the stated amount of penalties and interest;


(3) the delinquency of the amounts; and 


(4) the compliance of the comptroller with the applicable provisions of this code in
computing and determining the amount due.



Tex. Tax Code Ann. § 111.013(a) (West 1992). Contrary to appellants' contention, this Court has
previously held that the Comptroller's delinquency certificate creates a presumption of the correctness of
the taxing authority's claim, which the taxpayer has the burden to overcome. See Hylton v. State, 665
S.W.2d 571, 572 (Tex. App.--Austin 1984, no writ); Baker v. Bullock, 529 S.W.2d 279, 281 (Tex. Civ.
App.--Austin 1975, writ ref'd n.r.e.); see also State v. Glass, 723 S.W.2d 325, 327 (Tex. App.--Austin
1987, writ ref'd n.r.e.). In order to overcome the presumption of correctness, the taxpayer must provide
evidence "tending to support the contrary as would be conclusive, or evidence which would be so clear
and positive it would be unreasonable not to give effect to it as conclusive." Hylton, 665 S.W.2d at 572
(citing Nu-way Oil Co. v. Bullock, 546 S.W.2d 336 (Tex. Civ. App.--Austin 1976, no writ); Smith v.
State, 418 S.W.2d 893 (Tex. Civ. App.--Austin 1967, no writ)). "Such conclusive evidence is required
only to overcome the deficiency certificate's presumed correctness; once such presumption is overcome
the ultimate issue must be decided by a preponderance of the evidence." Id. Therefore, once appellees
proffered the tax delinquency certificates, the burden then shifted to appellants to prove conclusively that
the certificates, which state that appellants are liable for payment of the delinquent taxes, were incorrect. 
 


DISCUSSION AND HOLDING


 Although findings of fact and conclusions of law were requested in this case, none were
filed. "In a non-jury trial, where no findings of fact or conclusions of law are filed, it will be implied that the
trial court made all the necessary findings to support its judgment." State v. Glass, 723 S.W.2d at 327
(citing Carter v. Sommerville & Son, Inc., 584 S.W.2d 274 (Tex. 1979)). The trial court's implied
findings, however, may be challenged by a showing of insufficient evidence or no evidence to support the
findings. Id. (citing Burnett v. Motyka, 610 S.W.2d 735 (Tex. 1980)).



Hotel Occupancy Tax

 In support of their contention that they did not own, operate, manage, or control the hotel
after June 1987, appellants offer five forms of evidence. (3) First, appellants submitted a memo from an
employee of the Comptroller regarding the transfer of the hotel assets on February 20, 1992, from
appellants to the Titus Motel Corporation (Titus), a corporation controlled by Hansen. Second, appellants
submitted tax returns for the years of the audit to show that they received no financial benefit from the hotel
after 1987. Third, appellants submitted a warranty deed dated August 28, 1987, conveying the hotel to
Hansen for $10.00 consideration. Fourth, appellants submitted a 1992 fire incident report showing Titus
as owner of the hotel. Fifth, Penny testified that neither he nor his mother had anything to do with the hotel
after they transferred their interest to Hansen in 1987. We must decide whether this evidence, standing
alone, conclusively establishes that appellants are not liable for payment of the hotel occupancy taxes
presented in the delinquency certificate.

 Section 156.151 of the Tax Code provides that hotel occupancy tax reports are to be filed
by the person required to pay the tax. See Tex. Tax Code Ann. § 156.151 (West Supp. 1998). (4) All the
hotel occupancy tax reports filed during the period of the audit were filed under Penny's name and most
of the payments accompanying the reports contained appellants' taxpayer identification number. The
reports and canceled checks were introduced into evidence by appellees. Until the hotel closed in 1993,
both the hotel occupancy tax registration and taxpayer identification number remained in appellants' name. 
No attempt was made to transfer registration or to seek a new taxpayer identification number.

 We conclude the evidence submitted by appellants fails to establish conclusively that they
are not liable for payment of the hotel occupancy tax and thus fails to overcome the presumption of
correctness of appellees' delinquency certificate. Even if appellants' evidence could overcome the
presumption, we hold the trial court could have concluded appellees established that appellants are liable
for payment of the hotel occupancy tax. Review of the record reveals some evidence to support such a
finding that is not so against the great weight and preponderance of the evidence as to be unjust. See Alm
v. Aluminum Co. of Am., 717 S.W.2d 588, 593 (Tex. 1986) (legal sufficiency), cert. denied, 498 U.S.
847 (1990); Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986) (factual sufficiency).


Sales Tax

 The trial court record before us does not contain the updated sales tax deficiency certificate
admitted as Plaintiff's Exhibit 1, pursuant to the testimony at trial, and relied on by the trial court in its final
judgment. Without the updated deficiency certificate, we cannot rely upon the presumption of correctness
to support the trial court judgment. Therefore, we must decide if the trial court reasonably could have
concluded that a preponderance of the evidence established appellants are liable for payment of the sales
tax. See State v. Glass, 723 S.W.2d at 327.

 As to their sales tax liability, appellants present the same evidence discussed above relating
to their hotel occupancy tax liability. Evidence presented by appellees includes: (1) a sales tax application
signed by appellants September 17, 1987, some three months after appellants conveyed the hotel to
Hansen; (2) Texas Alcoholic Beverage Commission waivers signed by Penny as an officer of the club
located in the hotel in 1988 and 1993; (3) Hansen's 1990 income tax return showing appellants in
partnership with Hansen in the operation of the hotel for that year; and (4) the sales tax returns filed under
Penny's name and pursuant to appellants' sales tax permit for the years audited. Additionally, appellees
emphasize that pursuant to statute, sales tax permits cannot be transferred from one owner to another and
are nonassignable. Tex. Tax Code Ann. § 151.201(c) (West 1992); 34 Tex. Admin. Code Ann. §
3.286(c)(2) (1997). Thus, continued ownership and use of the sales tax permits are evidence that
appellants were making sales subject to sales tax after June 1987. See Tex. Tax Code § 151.052 (West
1992).

 We hold that the trial court could have concluded by a preponderance of evidence that
appellants are liable for the delinquent sales tax. The evidence is legally and factually sufficient to support
this determination. 



 Appellants' first and second points of error are overruled. The judgment of the trial court
is affirmed.



 

 J. Woodfin Jones, Justice

Before Justices Aboussie, Jones and Kidd

Affirmed

Filed: July 16, 1998

Do Not Publish
1. A warranty deed signed in August 1987 indicates Hansen paid $10.00 "and other good and
valuable consideration" for the hotel.
2. Appellants applied for a second sales tax permit on September 17, 1987, three months after they
allegedly sold the hotel to Hansen.
3. Section 156.053 of the Tax Code provides:


 A person owning, operating, managing, or controlling a hotel shall collect for the state the
tax that is imposed by this chapter and that is calculated on the amount paid for a room in
the hotel.


Tex. Tax Code Ann. § 156.053 (West 1992).
4. Subsequent amendments to this statute are not relevant to the issues in this case. We cite to the
current code for convenience.



on number. The
reports and canceled checks were introduced into evidence by appellees. Until the hotel closed in 1993,
both the hotel occupancy tax registration and taxpayer identification number remained in appellants' name. 
No attempt was made to transfer registration or to seek a new taxpayer identification number.

 We conclude the evidence submitted by appellants fails to establish conclusively that they
are not liable for payment of the hotel occupancy tax and thus fails to overcome the presumption of
correctness of appellees' delinquency certificate. Even if appellants' evidence could overcome the
presumption, we hold the trial court could have concluded appellees established that appellants are liable
fo