# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00491-CV

**Asad Kawaja a/k/a Asud Jabra Khawaja, Appellant**

**v.**

**State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
## NO. GV400398, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellees the State of Texas, the City of Houston, and the Transit Authority of Houston (collectively "the State") sued appellant Asad Kawaja to recover delinquent sales taxes. The State filed a motion for summary judgment and, following a hearing on the motion, the trial court granted summary judgment in favor of the State. Kawaja appeals from the trial court's judgment arguing that the trial court erred in granting summary judgment because he conclusively showed that he did not owe the taxes imposed by the State. We affirm the trial court's judgment.

## BACKGROUND

Kawaja operated a small convenience store by the name of "FNB Market" out of the front room of his house. On March 23, 2004, the State filed suit to recover unpaid sales taxes, penalties, and interest for the period of January 1, 1998, through June 30, 2001. In its motion for

summary judgment, the State only sought to recover sales taxes, penalties, and interest from January 1, 1998, to March 31, 2001. The State attached certificates of delinquency from the Texas Comptroller of Public Accounts stating the amounts of delinquent taxes and establishing its entitlement to summary judgment.

In response to the State's motion for summary judgment, Kawaja filed copies of Schedule C from his federal income tax returns for 1998 and 2000, a warranty deed for the sale of his home, and an affidavit in which he testified that he closed his business on March 26, 2001, and made no more sales after that date. Kawaja's affidavit further stated that he never applied more than a 10% mark-up on beer sales, he never sold tobacco products, and tropical storm Allison destroyed all of his business records.

After a hearing on the State's motion, the trial court granted summary judgment in favor of the State for the amounts specified in the comptroller's certificates. The trial court found that Kawaja owed $43,828.52 to the State of Texas, $7,200.97 to the City of Houston, and $7,200.98 to the Transit Authority of Houston for unpaid taxes, penalties, and interest. The trial court also awarded $12,018.75 in attorney's fees and $554.75 in court costs to the State of Texas. From this judgment, Kawaja appeals.

**DISCUSSION**

*Standard of Review*

We review the trial court's grant of summary judgment *de novo*. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). To prevail on a traditional summary judgment motion, a movant must show that no genuine issue of material fact exists and that he is

2

entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). When reviewing a summary judgment, we accept all evidence favorable to the nonmovant as true, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Southwestern Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002).

### Summary Judgment Evidence

In two issues, Kawaja contends that the trial court erred in granting the State's motion for summary judgment because, in response to the State's motion, he conclusively established that he did not owe the full amount of taxes stated in the comptroller's certificates. The State counters that the evidence presented by Kawaja fails to overcome the presumption of correctness accorded the comptroller's certificates.

A taxpayer attempting to deny liability for taxes bears a heavy burden once the comptroller produces a certificate stating the amount of delinquent sales taxes. *Sundown Farms, Inc. v. State*, 89 S.W.3d 291, 293 (Tex. App.—Austin 2002, no pet.). The comptroller's delinquency certificate is *prima facie* evidence of both the delinquency and the amount of tax owed. Tex. Tax Code Ann. §§ 111.013(a), 151.603 (West 2002). The comptroller's delinquency certificate creates a presumption of correctness in the taxing authority's claim, which the taxpayer must overcome to defeat summary judgment. *Hylton v. State*, 665 S.W.2d 571, 572 (Tex. App.—Austin 1984, no writ). If unrebutted, the certificates are sufficient to establish the amount owed by the taxpayer as a matter of law. *Baker v. Bullock*, 529 S.W.2d 279, 281 (Tex. Civ. App.—Austin 1975, writ ref'd n.r.e.). To overcome the presumption of correctness accorded the comptroller's delinquency certificates, "the taxpayer must *conclusively* establish that he owes no tax." *State v. Glass*, 723

3

S.W.2d 325, 327 (Tex. App.—Austin 1987, writ ref'd n.r.e.). The taxpayer must present "evidence tending to support the contrary as would be conclusive, or evidence which would be so clear and positive it would be unreasonable not to give effect to it as conclusive." *Hylton*, 665 S.W.2d at 572. A taxpayer's vague, self-serving, or conclusory allegations will not suffice to overcome the presumption of correctness in the comptroller's certificates of delinquency. *Baker*, 529 S.W.2d at 281.

Faced with the comptroller's certificates of delinquency attached to the State's motion for summary judgment, Kawaja had the burden to present conclusive evidence to overcome the presumption of correctness. We hold as a matter of law that Kawaja failed to discharge this burden.

Kawaja's evidence consisted primarily of his conclusory statements that (1) he made no sales after his business closed on March 26, 2001; (2) his business records had been destroyed as a result of flooding caused by tropical storm Allison; (3) he did not apply more than a 10% mark-up to his sales of beer; and (4) he never sold tobacco products. Kawaja also presented copies of Schedule C filed as part of his federal income tax returns in 1998 and 2000 and a general warranty deed showing that he sold the house out of which he operated his business on April 26, 2001. Because the State only sought to recover unpaid taxes from January 1, 1998, to March 31, 2001, Kawaja's statements that he closed his business and made no more sales after March 26, 2001, along with the warranty deed showing that Kawaja sold his house on April 26, 2001, are irrelevant. Nor do Kawaja's remaining statements and documentary proof "conclusively" establish that he owes no tax. Kawaja was required to come forward with evidence conclusively establishing that he owed no tax during the audited period. *See Glass*, 723 S.W.2d at 327. When viewed in its entirety, the

proof offered by Kawaja fails to overcome the presumption of correctness in the comptroller's certificates of delinquency. *See id.* at 328.

Although Kawaja attempts to explain this absence of proof by claiming that his business records were destroyed in a flood, we cannot accept Kawaja's testimony on its face as conclusive evidence. *See id.* He neither produced nor reconstructed any business records. *See id.* To allow Kawaja's self-serving statements to overcome the presumption of correctness would render the statutory scheme requiring taxpayers to keep and produce records meaningless. *See Hylton*, 665 S.W.2d at 573.

**CONCLUSION**

We overrule Kawaja's issues and affirm the judgment of the trial court.

_____

Jan P. Patterson, Justice

Before Justices B. A. Smith, Patterson and Puryear

Affirmed

Filed: June 8, 2006

5