# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00604-CV

**Alhaji Isa Adegori Ayeni, Appellant**

**v.**

**The State of Texas; The City of Houston, Texas;
and The Transit Authority of Houston, Texas, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
### NO. D-1-GV-10-001791, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

## C O N C U R R I N G  O P I N I O N

Although I join in the majority's opinion and judgment—I wrote them, after all—I write separately to offer some additional observations about Ayeni's second issue. While it was ultimately unnecessary for us to reach that issue here, it nonetheless warrants emphasis that Ayeni has identified an aberration in this Court's past jurisprudence addressing the effect of Comptroller certificates of deficiency and how a taxpayer can oppose a summary-judgment motion predicated on one.

The notion that a taxpayer must present conclusive contrary evidence to rebut a Comptroller's certificate of deficiency does not find explicit textual support in the current tax code. Subsection (a) of section 111.013 states only that the Comptroller's certificate is "prima facie evidence" of the taxes, penalties, and interest due, the delinquency of those amounts, and of the comptroller's compliance with the tax code. *See* Tex. Tax Code Ann. § 111.013(a) (West 2008).

"Prima facie" is Latin for "first view,"[1] and "prima facie evidence" typically denotes evidence that is determinative of a fact's or facts' existence, sometimes stated in terms of giving rise to a "presumption" of their existence, unless and until some contrary evidence is presented. *See Coward v. Gateway Nat'l Bank of Beaumont*, 525 S.W.2d 857, 859 (Tex. 1975); *Dodson v. Watson*, 220 S.W. 771, 772 (Tex. 1920) ("Prima facie evidence is merely that which suffices for the proof of a particular fact until contradicted and overcome by other evidence."); *Black's Law Dictionary* 638–39 (9th ed. 2009) (defining "prima facie evidence" as "[e]vidence that will establish a fact or sustain a judgment unless contrary evidence is produced").[2] But nothing in section 111.013 purports to require *conclusive* contrary evidence to rebut or join issue with a Comptroller's certificate. *See* Tex. Tax Code Ann. § 111.013.

Appellees rely less on the tax code than on precedents of this Court, and I must concede they find some support there. As best I can tell, these decisions trace back to a 1967 no-writ case involving a trial on the merits of a tax-deficiency claim, *Smith v. State*, 418 S.W.2d 893 (Tex. Civ. App.—Austin 1967, no writ). *Smith*, in turn, purported to rely on the analysis in a 1942 Texas Supreme Court opinion, *Southland Life Insurance Co. v. Greenwade*, 159 S.W.2d 854 (Tex. 1942).[3] *Southland Life* addressed the nature and application of the presumption of receipt

---

[1] *See Black's Law Dictionary* 1310 (9th ed. 2009); *Webster's Third New Int'l Dictionary* 1800 (2002).

[2] *See In re Allen*, 366 S.W.3d 696, 706 (Tex. 2012) ("We presume the Legislature is aware of relevant case law when it enacts or modifies statutes.") (citing *Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990)); *HCBeck, Ltd. v. Rice*, 284 S.W.3d 349, 363 (Tex. 2009) ("We use definitions prescribed by the Legislature and any technical or particular meaning the words have acquired . . . ." (citing Tex. Gov't Code Ann. § 311.011)).

[3] *Southland Life Insurance Co. v. Greenwade*, 159 S.W.2d 854 (Tex. 1942), was decided by the Texas Commission of Appeals. However, because the opinion was adopted by the

afforded a properly stamped, addressed, and mailed letter in the context of a suit by a life-insurance beneficiary to recover policy proceeds. *See id.* at 858. The defendant insurance carrier asserted that the decedent's life-insurance policy had lapsed prior to the insured's death due to the insured's failure to make a premium payment that had come due. The case went to trial, at which the plaintiff beneficiary presented detailed evidence that the decedent had properly stamped, addressed, and mailed the premium payment to the insurance company prior to its final due date. This evidence gave rise to the legal presumption that the insurance company had received the payment. *See id.* at 857 ("It is settled in this state, however, that when a letter properly addressed and with postage prepaid is mailed, a presumption of fact (rebuttable of course) arises that it was duly received by the addressee."). In response, the insurance company presented evidence that it had not received the premium payment. *Id.* The trial court rendered judgment in favor of the plaintiff beneficiary.

On appeal to the Waco Court of Civil Appeals, the insurance company asserted, among other points, that the evidence did not support a finding that the premium payment had been timely paid. *See Southland Life Ins. Co. v. Greenwade*, 143 S.W.2d 648, 650–51 (Tex. Civ. App.—Waco 1940), *reversed by* 159 S.W.2d at 858. Specifically, the insurance company argued that because it had produced evidence that it had never actually received the premium, both the presumption of receipt and the foundational evidence supporting that presumption—i.e., that the payment letter had been properly stamped, addressed, and mailed to the company—"disappeared"

---

Texas Supreme Court and, thus, has the full authority of a Texas Supreme Court decision, it was effectively decided by the Texas Supreme Court. *See National Bank of Commerce v. Williams*, 84 S.W.2d 691, 692 (Tex. 1935); *see also Cadle Co. v. Butler*, 951 S.W.2d 901, 911 (Tex. App.—Corpus Christi 1997, no pet.) (noting that Commission opinions adopted by the Texas Supreme Court are given the same force, weight, and effect as supreme court opinions).

such that the trier of fact could no longer consider it; thus leaving the plaintiff without any proof of receipt. *See id.* at 650. The Waco court overruled that issue, holding that even in the face of evidence of non-receipt, the presumption of receipt "continued as evidence" that was sufficient to support the trial court's judgment. *See id*. at 650.

On appeal, although ultimately affirming the trial court's judgment and holding that the evidence was sufficient to support a finding that the premium check had been timely received, the supreme court explicitly rejected the Waco court's view that a presumption like that of receipt could itself be considered evidence. Instead, the supreme court held that a presumption is not evidence and that it disappears once "substantial contrary evidence" is offered by the party against whom the presumption operates. *See Southland Life*, 159 S.W.2d at 857 (citing Wigmore on Evidence, 2d ed., § 2491); *see also General Motors Corp. v. Saenz*, 873 S.W.2d 353, 359 (Tex. 1993) ("Once . . . evidence contradicting the presumption has been offered, the presumption disappears."). But the court then went on to clarify that the evidence that gave rise to the presumption could still be considered and weighed by the fact-finder, vis-à-vis the carrier's contrary evidence, as evidence that the premium payment had, in fact, been timely received. *Southland Life*, 159 S.W.2d at 857; *see Saenz*, 873 S.W.2d at 259. In other words, although the insurance company had offered evidence that it had not timely received the payment, thus eliminating the ***presumption*** of receipt, the trier of fact could still consider the facts underlying the presumption—i.e., that the defendant stamped, addressed, and mailed the payment letter to the company—as themselves evidence that the insurance company received the payment. *See Southland Life*, 159 S.W.2d at 857. And, relying on this evidence of payment, the supreme court went on to hold that the evidence was sufficient to support the trial court's finding that the payment was timely received. *See id.*

4

The court in *Southland Life* then went on to observe that there might be circumstances where the presumption's foundational facts ***could not*** be considered—i.e., would not support an affirmative finding—by the trier of fact:

> We hold that an inference established prima facie (as in the present case) is overcome, together with the evidentiary facts tending to establish it, only when the evidence tending to support the contrary inference is conclusive, or so clear, positive and disinterested that it would be unreasonable not to give effect to it as conclusive. . . . [P]rima facie evidence and presumptions of fact disappear when the true facts are *conclusively shown by other evidence* . . . . In other words, presumptions, when controverted by facts, disappear, as such, and cannot be weighed *as evidence* against such facts.

*Id.* at 858 (internal citations omitted) (emphases in original). In other words, if the party against whom the presumption of receipt operates presents evidence that ***conclusively*** negates receipt of the mail, both the presumption of receipt and the probative value of any proof of underlying facts could be said to "disappear" because the evidence, by definition, is legally insufficient to support a finding of receipt. This amounts merely to an observation about the nature of conclusive evidence that negates a fact's existence. *See City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005) (discussing conclusive contrary evidence and noting that "'[n]o evidence points must, and may only, be sustained when the record discloses [that] the evidence establishes conclusively the opposite of the vital fact'" (quoting Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Tex. L. Rev. 361 (1960)).

In *Smith*, this Court, citing *Southland Life*, described a taxpayer's burden in opposing the presumed correctness of a Comptroller's certificate of deficiency at trial as follows:

With the prima facie presumption established that the State's claim for admissions taxes[4] against [the owner of a business on the taxpayer's property] was as shown in the Comptroller's certificate under Article 1.08[5], appellant [taxpayer] had the burden to overcome the inference with such evidence tending to support the contrary as would be conclusive, or evidence so clear and positive it would be unreasonable not to give effect to it as conclusive.

*Smith*, 418 S.W.2d at 896 (citing *Southland Life*, 159 S.W.2d at 858). This Court has continued to describe the taxpayer's burden at trial in similar terms.[6] To the extent such descriptions refer to the concepts that a Comptroller's certificate, even if met with the taxpayer's contrary evidence, may nonetheless be legally sufficient to support a fact finding of tax liability unless the taxpayer's contrary evidence is conclusive, it is merely an application of the principles described in *Southland Life*. In any event, Ayeni does not quarrel with the notion that he would be required, at least practically speaking, to present conclusive contrary evidence in order to overcome the effect of a Comptroller's certificate at trial on the merits. Otherwise, under the *Southland Life* analysis, the certificate would remain as legally sufficient evidence that could potentially support fact findings against the taxpayer.

---

[4] "Admissions taxes" are taxes paid "on fees for admission to all places of amusement." *See Smith v. State*, 418 S.W.2d 893, 895 (Tex. Civ. App.—Austin 1967, no writ).

[5] Predecessor statute to section 111.013 of the Texas Tax Code.

[6] *Accord Sundown Farms, Inc. v. State*, 89 S.W.3d 291, 293 (Tex. App.—Austin 2002, no pet.); *Penny v. State*, No. 03-97-00399-CV, 1998 WL 394173, at *2 (Tex. App.—Austin July 16, 1998, no pet.) (mem. op.); *State v. Glass*, 723 S.W.2d 325, 327 (Tex. App.—Austin 1987, writ ref'd n.r.e.); *Hylton v. State*, 665 S.W.2d 571, 572 (Tex. App.—Austin 1984, no writ); *Nu-Way Oil Co. v. Bullock*, 546 S.W.2d 336, 339 (Tex. Civ. App.—Austin 1976, no writ); *Baker v. Bullock*, 529 S.W.2d 279, 281 (Tex. Civ. App.—Austin 1975, writ ref'd n.r.e.); *State v. Gifford-Hill & Co.*, 428 S.W.2d 451, 457 (Tex. Civ. App.—Austin 1968) *rev'd on other grounds by* 442 S.W.2d 320 (Tex. 1969).

But it is quite another thing, Ayeni urges, to hold that a nonmovant must present conclusive contrary evidence to preclude summary judgment based on a Comptroller's certificate, as appellees argue here. I agree.

The notion that a taxpayer nonmovant must counter a Comptroller's certificate with conclusive contrary evidence in order to preclude summary judgment traces back to a 2004 memorandum opinion of this Court, *Wimmer v. State*, No. 03-03-00135-CV, 2004 WL 210629, at *3–4 (Tex. App.—Austin Feb. 5, 2004, pet. denied) (mem. op.). In *Wimmer*, we held that a taxpayer "must *conclusively* establish that he owes no tax" to overcome a summary judgment predicated on a Comptroller's certificate of deficiency. *See id.* at *3. For support, this Court cited *Smith* and its progeny—again, cases that involved trials on the merits. *See id.* at *3–4 (citing *Sundown Farms*, 89 S.W.3d 291, 293 (Tex. App.—Austin 2002, no pet.); *Hylton v. State*, 665 S.W.2d 571, 572 (Tex. App.—Austin 1984, no writ); *Smith*, 418 S.W.2d at 893). There was zero explanation or analysis of whether or how those concepts should properly be applied in the vastly different procedural context of summary judgment. *See Wimmer*, 2004 WL 210629 at *3–4.[7]

Contrary to the holdings of *Wimmer*, and any progeny, their analytical cornerstone in *Southland Life* would imply that the contrary evidence used to rebut the presumption, even if not conclusive, would raise a fact issue that would have to be resolved by the fact finder and not by summary judgment. *See Southland Life*, 159 S.W.2d at 857; *see also Balawajder v. Texas Dep't of Criminal Justice Inst. Div.*, 217 S.W.3d 20, 27 (Tex. App.—Houston [1st Dist.] 2006, pet. denied)

---

[7] *See also Kawaja v. State*, No. 03-05-00491-CV, 2006 WL 1559343 (Tex. App.—Austin June 8, 2006, no pet.) (mem. op.) (also applying, without analysis, conclusive-evidence notion to summary-judgment proceeding) (citing *Glass*, 723 S.W.2d at 327; *Hylton*, 665 S.W.2d at 572).

("In the context of a summary judgment, the party against whom the presumption operates must produce evidence sufficient 'to neutralize the effect of the presumption' for the case to proceed to trial." quoting *Amaye v. Oravetz*, 57 S.W.3d 581, 584 (Tex. App.—Houston [14th Dist.] 2001, pet. denied)); *First Nat'l Bank of Libby, Montana v. Rector*, 710 S.W.2d 100, 103 (Tex. App.—Austin 1986, writ ref'd n.r.e.) (holding that where document created presumption of foreign judgment's validity, the party against whom the presumption operates must "produce some evidence at least raising an issue of material fact as to the validity" of the judgment to defeat summary judgment). And *Wimmer*, and any subsequent cases that might have followed it, are at odds with the summary-judgment burdens that the Texas Supreme Court has prescribed. Even if it is in some sense correct to state that a taxpayer must overcome a Comptroller's certificate with conclusive evidence at trial on the merits, the supreme court has made it clear that nonmovants do not face higher or different summary-judgment burdens based on the burdens of proof they may face at trial: "The failure of one party in a hearing upon a motion for summary judgment to discharge the burden which would rest on him at a trial on the merits is no ground for a summary judgment in favor of the other party." *Tigner v. First Nat'l Bank of Angleton*, 264 S.W.2d 85, 87 (Tex. 1954). It has likewise made clear that a movant's summary-judgment burden does not depend on its burden of proof at trial: "The presumptions and burden of proof for an ordinary or conventional trial are immaterial to the burden that a movant for summary judgment must bear." *Missouri-Kan.-Tex. R.R. Co. v. City of Dallas*, 623 S.W.2d 296, 298 (Tex. 1981) (citing *Tigner*, 264 S.W.2d at 87). In fact, the supreme court held in *Missouri-Kansas-Texas Railroad* that the taxing authority, which enjoyed a number of presumptions in its favor, including that its property valuations were valid, must nevertheless "'establish [its] entitlement to a summary judgment on the issues expressly presented

8

to the trial court by conclusively proving all essential elements of [its] cause of action or defense as a matter of law.'" *Id.* (quoting *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979)). Thus, even if the taxpayer's burden of proof at trial requires him to produce conclusive evidence to prevail on the merits, he must only produce evidence sufficient to raise a question of fact as to the taxing authority's claim in order to avoid summary judgment.

Nonetheless, because Ayeni has not presented competent contrary summary-judgment evidence that would even meet the customary burden of a summary-judgment nonmovant, this is not the case in which this Court should undertake to reexamine the suspect holdings of *Wimmer* and any progeny en banc.[8] But that case will come along inevitably, so I leave this writing as a place marker for that day. Alternatively, the Legislature could, of course, provide statutory clarification that would obviate the need for any such reexamination.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Henson;
    Justice Henson Not Participating

Filed: February 20, 2013

---

[8] We may not overrule a prior panel opinion of this court absent an intervening change in the law by the Legislature or a higher court or by decision of this court sitting en banc. *See* Tex. R. App. P. 41.2 (providing that en banc consideration is appropriate to secure or maintain uniformity of appellate court decisions); *In re Smith*, 366 S.W.3d 282, 289 (Tex. App.—Dallas 2012, no pet.); *Nowzaradan v. Ryans*, 347 S.W.3d 734, 739 (Tex. App.—Houston [14th Dist.] 2011, no pet.).