# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00370-CV

**Jimmie Wade, III, Appellant**

**v.**

**TBF Financial, LLC, Appellee**

### FROM COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-17-010067, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Jimmie Wade, III, appearing pro se, appeals a final summary judgment rendered in favor of TBF Financial, LLC, on TBF's suit on a sworn account. *See* Tex. R. Civ. P. 185 (outlining requirements for suit on sworn account). Wade contends on appeal that the trial court's judgment must be reversed because TBF filed its petition in an improper venue and there is insufficient evidence to support the judgment. We will affirm the trial court's summary judgment.

## BACKGROUND

In its petition, TBF alleged that its "predecessor in interest sold to [Wade] one or more items of goods, wares, merchandise, or services, as shown on the attached statement of account" and that the attached statement "represents a series of transactions on which a systematic record has been kept." *See id.* TBF attached the affidavit of one of its employees, averring that Wade owes a principal balance on said account in the amount of $6,574.11; the statement of account is

"just and true"; and "all just and lawful offsets, payments, and credits have been allowed." *See id.* In addition to the overdue balance, TBF's petition also sought attorney's fees in the amount of $2,500.

Wade filed a motion to dismiss TBF's lawsuit and an answer on the same day. In both filings, Wade asserted that Travis County is an "improper" venue for TBF's lawsuit and the venue of the county of Wade's residence—Williamson County—is allegedly required by state and federal law. Wade attached to his motion a copy of his voter registration card as proof of the county of his residence and contended that the trial court "lack[ed] jurisdiction" over this cause due to the allegedly improper venue. Although Wade's motion to dismiss asserted that TBF's chosen venue was improper, he did not request that the trial court transfer the cause to Williamson County or another county of alleged proper venue. *See id.* R. 86 (outlining requirements for motion to transfer venue including, relevantly, that motion "shall state that the action should be transferred to another specified county of proper venue").

Wade additionally argued in his motion to dismiss that TBF failed to provide proper "debt validation" as required by the federal Fair Debt Collection Practices Act (FDCPA). *See* 15 U.S.C. § 1692g(a) (requiring debt collector to provide consumer with specified written notice within five days after initial communication with consumer in connection with collection of any debt). Wade did not file a verified denial of TBF's debt claim against him. *See* Tex. R. Civ. P. 185.

TBF filed a motion for summary judgment on its sworn account, supporting the motion with another affidavit of its employee and the affidavit of its attorney regarding attorney's fees. In a response to the summary-judgment motion, Wade again raised the issues of "lack of jurisdiction" due to "improper venue" and "improper debt validation" under the FDCPA; he did

not file any evidence in response or attach a sworn denial of the debt or any part thereof. *See id.* After a hearing on TBF's summary-judgment motion, the trial court granted summary judgment in favor of TBF.

## DISCUSSION

In his first issue, Wade contends that the trial court did not have jurisdiction over TBF's lawsuit because TBF filed the lawsuit in an "improper venue" rather than the county of his residence, which mandatory venue he contends is prescribed by the FDCPA and the Civil Practice and Remedies Code. *See* 15 U.S.C. § 1692i(a)(2) ("Any debt collector who brings any legal action on a debt against any consumer shall . . . bring such action only in the judicial district or similar legal entity . . . in which such consumer signed the contract sued upon . . . or in which such consumer resides at the commencement of the action."); Tex. Civ. Prac. & Rem. Code § 15.002(a) (providing that lawsuits against natural-person defendant "shall be brought" in county in which all or substantial part of events or omissions giving rise to claim occurred or county of defendant's residence at time cause of action accrued and—if neither of those venues apply—in county in which plaintiff resided at time of accrual of cause of action). Although Wade filed a "Motion to Dismiss" TBF's lawsuit based on "improper venue" and "lack of jurisdiction," he did not request that the case be transferred to what he asserts would have been a proper venue. Therefore, Wade's motion to dismiss did not constitute a proper motion to transfer to another county of proper venue. *See* Tex. R. Civ. P. 86.

Moreover, we conclude that Wade waived his objection to TBF's venue choice by failing to file a motion to transfer venue specifically requesting transfer of the case to another

3

specified venue.[1] *See id.*; *Winkle v. Benton*, No. 03-05-00684-CV, 2006 WL 2785586, at *1 (Tex. App.—Austin Sept. 29, 2006, no pet.) (mem. op.) (holding that defendant waived complaint of improper venue by failing to file motion to transfer venue). Even assuming that Wade is correct that TBF filed its lawsuit in an improper venue, Texas law provides that a lawsuit filed in an improper venue does not deprive a trial court of subject-matter jurisdiction. *See Gordon v. Jones*, 196 S.W.3d 376, 383 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (citing Tex. R. Civ. P. 86(1); *Massey v. Columbus State Bank*, 35 S.W.3d 697, 700 (Tex. App.—Houston [1st Dist.] 2000, pet. denied)). Accordingly, we conclude that the trial court had subject-matter jurisdiction over this lawsuit, and we overrule Wade's first issue.

In his second issue, Wade contends that the trial court erred in granting TBF summary judgment because the evidence supporting TBF's claim was not "sufficient or valid" due to the trial court's refusal to "recogniz[e] and consider[]" the FDCPA's requirements for the validation of an alleged debt. *See* 15 U.S.C. § 1692g(a). It is not entirely clear what Wade means by his complaints of "improper debt validation." However, the record reflects that Wade did not file a sworn denial of TBF's claim, which both precluded him from denying the claim and rendered TBF's supporting affidavit as prima facie evidence of the claim. *See* Tex. R. Civ. P. 185. Prima facie evidence is that which suffices for the proof of a particular fact until contradicted and overcome by other evidence.

---

[1] To the extent that Wade's "Motion to Dismiss" could reasonably be construed as a motion to transfer venue—which we think it could not, and which argument Wade does not make, in any event—the record does not reflect that he requested or obtained a hearing on the motion and did not obtain a ruling on it, which omissions would also waive his venue objection. *See Eggert v. State*, No. 03-12-00190-CV, 2013 WL 1831614, at * 1 (Tex. App.—Austin Apr. 24, 2013, no pet.) (mem. op.).

*See Ayeni v. State*, 440 S.W.3d 707, 713 (Tex. App.—Austin 2013, no pet.); *Prima Facie Evidence*, *Black's Law Dictionary* (10th ed. 2014) (defining prima facie evidence as that which "will establish a fact or sustain a judgment unless contradictory evidence is produced"). Wade attached no affidavits or other evidence to his answer, motion, or response to TBF's summary-judgment motion to rebut TBF's evidence. Therefore, as a matter of law, TBF's employee affidavit attesting to the required elements of its suit on a sworn account as specified in Rule 185 served as prima facie (and, thus, legally) sufficient evidence of TBF's claim. *See* Tex. R. Civ. P. 185.

Furthermore, even assuming that the FDCPA applies, Wade has not explained how the alleged FDCPA violation here—TBF's failure to prove that it provided him with proper pre-suit notice of the debt—would affect TBF's remedies under state procedural law applying to suits on sworn accounts.[2] *Cf. Drennan v. First Resolution Inv. Corp.*, No. 2:08-CV-461-TJW-CE, 2010 WL 11619554, at *3 (E.D. Tex. Mar. 1, 2010) (holding that using Texas's suit-on-sworn-account procedure to collect on credit-card debt does not rise to violation of FDCPA), *aff'd* 389 Fed. App'x 352 (5th Cir. 2010). Accordingly, we overrule Wade's second issue and conclude that legally sufficient evidence supported the trial court's summary judgment.

---

[2] Within this same issue, Wade also contends that TBF's lawsuit "is in reference to a commercial debt" and that "in order for [Wade] to be legally responsible for a commercial debt . . . belonging to another party [, TBF] must provide evidence that [he] agreed to and signed a personal guaranty agreement for a commercial debt," which TBF failed to do. We need not address this argument, as TBF filed its lawsuit—and the trial court rendered its judgment—against Wade as an individual "d/b/a Dreams2things Com LLC, Defendant." It is well established that a "d/b/a" (doing business as) is "no more than an assumed name or trade name" and "has no legal existence." *See Kahn v. Imperial Airport, L.P.*, 308 S.W.3d 432, 438 (Tex. App.—Dallas 2010, no pet.). Therefore, on its face, TBF's lawsuit was not seeking to hold Wade legally responsible for the debt of a third party.

## CONCLUSION

We affirm the trial court's judgment.

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Smith

Affirmed

Filed:   March 6, 2019