# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00540-CV

**John Roberts Austin I, LP d/b/a Lexus of Austin and d/b/a Lexus of Lakeway; Vicki Roberts; Abby Elizabeth Argo; Randy Phillip Hoff; Steven Derrick Walker; Michael Lee Cobb; and Edward Cooke, Appellants**

**v.**

**Vijay Netaji; BaliJepalli Netaji, M.D.; and Prabha Murthy, Appellees[1]**

### FROM THE 53RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-21-006180, THE HONORABLE MARIA CANTÚ HEXSEL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

---

**[1]** The Court has restyled the appeal to reflect the correct parties to this consolidated appeal. *See John Roberts Austin I LP v. Netaji*, No. 03-21-00032-CV, 2021 WL 5972010, at *1 (Tex. App.—Austin Dec. 17, 2021, mem. op.) (per curiam) (consolidating cause number 03-21-00032-CV with cause number 03-21-00540-CV). For clarity, we refer to litigants who share the same last name by their first names.

In addition, although appellee Vijay Netaji filed a notice of cross-appeal "to preserve his right to appeal the Orders entered on December 21, 2020," he has not raised or briefed any issue decided adversely to him in those orders, and he has not affirmatively sought to change the trial court's judgment or to obtain more favorable relief than the relief granted by the trial court. *See* Tex. R. App. P. 25.1(c) (addressing who must file notice of appeal); *cf. Lubbock County v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 584 (Tex. 2002) (holding party who did not file notice of appeal waived challenge to judgment). Accordingly, we conclude that Vijay has waived any potential cross-appeal issues. *See BusPatrol Am., LLC v. American Traffic Sols., Inc.*, No. 05-18-00920-CV, 2020 WL 1430357, at *7 (Tex. App.—Dallas Mar. 24, 2020, pet. denied) (mem. op.) (concluding that failing to pursue affirmative reversal of trial court's determination on adverse findings waived those issues on appeal); *see also* Tex. R. App. P. 38.1(i) (requiring "clear and concise argument for the contentions made"). Because Vijay has waived his cross-appeal, we have removed the reference to the cross-appeal from the style of this consolidated appeal.

Appellants John Roberts Austin I, LP d/b/a Lexus of Austin and d/b/a Lexus of Lakeway; Vicki Roberts; Abby Elizabeth Argo; Randy Phillip Hoff; Steven Derrick Walker; Michael Lee Cobb; and Edward Cooke (the Roberts Appellants) appeal from two trial-court orders concluding that the appellees could not be held liable in the underlying litigation for aiding and abetting a tort. *See Hampton v. Equity Tr. Co.*, 607 S.W.3d 1, 5 (Tex. App.—Austin 2020, pet. denied) (concluding "that a common-law cause of action for aiding and abetting does not exist in Texas"). Because the Supreme Court of Texas has not formally recognized a cause of action for aiding and abetting a tort since this Court's decision in *Hampton*, we affirm the trial court's orders for the reasons explained below.

## BACKGROUND

In the underlying lawsuit, the Roberts Appellants initially sued Ram Kris Netaji, alleging that he engaged in a years-long course of conduct to harass, intimidate, threaten, and stalk them.[2] They also sued Kris's parents, BaliJepalli Netaji and Prabha Murthy, and his brother, Vijay Netaji, for participatory liability for "assisting or encouraging" (aiding and abetting) that alleged conduct. Because both appeals derive from the same core of operative facts in the underlying litigation and both appeals involve the non-recognition of a common-law cause of action for aiding and abetting a tort, we consolidated them even though they arose in procedurally different ways in the trial court. *See John Roberts Austin I LP v. Netaji*, No. 03-21-00032-CV, 2021 WL 5972010,

---

[2] Because the parties are familiar with the underlying facts of the case and its procedural history and our analysis is limited to the resolution of a question of law, we do not recite the underlying facts or procedural history in this opinion except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

at \*1 (Tex. App.—Austin Dec. 17, 2021, mem. op.) (per curiam) (consolidating cause number 03-21-00032-CV with cause number 03-21-00540-CV).

As explained in more detail in our memorandum opinion consolidating the appeals, the trial court granted partial summary judgment in favor of Vijay as to the aiding-and-abetting claim.[3] That interlocutory order later became final and appealable when the trial court severed that claim against Vijay from the underlying case.

The trial court granted BaliJepalli and Murthy's special exceptions and struck the Roberts Appellants' claims against them for "Participatory Liability – Assisting or Encouraging – Aiding and Abetting" (Counts 8-9 of the Eighth Amended Original Petition). That interlocutory order became final and appealable when the trial court later granted BaliJepalli and Murthy's motion for partial summary judgment and dismissed with prejudice the Roberts Appellants' claim against them for "Participatory Liability of Dr. Netaji and Prabha Murthy – Principal–Agent Liability" (Count 10 of the Eighth Amended Original Petition). In the order granting the summary-judgment motion, the trial court also severed the previously stricken aiding-and-abetting claims from the underlying case.

Despite the different procedural pathways, the trial court based its dismissal of the Roberts Appellants' aiding-and-abetting claims against Vijay, BaliJepalli, and Murthy on this Court's decision in *Hampton*. In the order granting special exceptions, the trial court explained that because we had held "that neither the Texas Supreme Court nor the Texas Legislature had recognized a common-law cause of action for Aiding and Abetting and that binding precedent

---

[3] Although the trial court granted Vijay's traditional motion for summary judgment on the aiding-or-abetting cause of action, it denied the motion as to limitations, and it also denied Vijay's no-evidence summary-judgment motion as moot.

3

prevents the Austin Court of Appeals from recognizing a new cause of action in the first instance," it would strike the Roberts Appellants' causes of action seeking relief from BaliJepalli and Murthy for aiding and abetting. Similarly, the trial court granted Vijay's summary-judgment motion "as to the non-recognition of an aiding or abetting cause of action per *Hampton v. Equity Trust Co*." This consolidated appeal followed.

## ANALYSIS

On appeal, the Roberts Appellants question whether this Court erred in *Hampton* by declining to recognize an aiding-and-abetting cause of action and holding that such recognition must come from the Texas Supreme Court or the Legislature. They urge that "Texas law recognizes liability for intentionally assisting or encouraging the commission of torts." In response, Vijay, BaliJepalli, and Murthy contend that we must follow *Hampton*. In addition, they assert that because *Hampton* expressly declined to recognize an aiding-and-abetting cause of action, we should determine that this appeal is frivolous under Texas Rule of Procedure 45 and should award damages (in the form of reasonable and necessary attorneys' fees) to them for defending against it. *See* Tex. R. App. P. 45 (allowing court of appeals to award "just damages" to prevailing party if court determines appeal is frivolous).

### Aiding-and-Abetting Cause of Action

The Roberts Appellants argue that (1) Texas courts have long recognized aiding-and-abetting liability for torts, (2) the Texas Supreme Court has also recognized such liability, and (3) a majority of states recognize this cause of action, essentially urging this Court to reconsider our decision in *Hampton*. We may not overrule a prior panel opinion of this court absent an intervening change in the law by the Legislature or a higher court, unless we do so by decision of

4

this Court sitting en banc. *See* Tex. R. App. P. 41.2 (providing that en banc consideration "is not favored and should not be ordered unless necessary to secure or maintain uniformity of the court's decisions"); *see also, e.g.*, *MobileVision Imaging Services, L.L.C. v. LifeCare Hosps. of N. Tex., L.P.*, 260 S.W.3d 561, 566 (Tex. App.—Dallas 2008, no pet.) (refusing to depart from prior panel decisions of Dallas Court of Appeals regarding court's interpretation of statute at issue); *Ayeni v. State*, 440 S.W.3d 707, 717 n.8 (Tex. App.—Austin 2013, no pet.) (Pemberton, J., concurring) (noting that intervening change in law or en banc reconsideration is required to overrule prior panel decision). Although the Roberts Appellants rely on older cases to support their arguments, including cases discussed and disposed of as inapplicable in *Hampton*, they do not identify any intervening change in the law promulgated by the Legislature or any subsequent Texas Supreme Court authority expressly adopting a common-law cause of action for aiding and abetting a tort. Because the Roberts Appellants have not identified a Texas Supreme Court holding clearly on point, we decline to reconsider our decision in *Hampton*. *See Lawson v. Keene*, No. 03-13-00498-CV, 2016 WL 767772, at *4 (Tex. App.—Austin Feb. 23, 2016, pet. denied) (mem. op.) (declining to reconsider prior panel decision based on citation to Texas Supreme Court case that did not directly contradict our Court's prior holding).

Like the appellant in *Hampton*, the Roberts Appellants invite us to formally recognize an aiding-and-abetting cause of action. *See* 607 S.W.3d at 5. However, as the Court did in *Hampton*, we must conclude that we, as an intermediate appellate court, may not be the first to recognize the existence of a cause of action. *See id.*; *see also Anderson v. Archer*, 490 S.W.3d 175, 177 (Tex. App.—Austin 2016), *aff'd*, 556 S.W.3d 228 (Tex. 2018) ("We must, in short, follow the existing law rather than change it, and we have adhered to that basic limiting principle in a variety of contexts."). Similarly, the Roberts Appellants, like the appellant in *Hampton*, urge us to consider

5

adopting Section 876 of the Restatement of Torts. Section 876 would impose liability on a person for the conduct of another that causes harm if the defendant:

> (a)  does a tortious act in concert with the other or pursuant to a common design with him, or
>
> (b)  knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or
>
> (c)  gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person.

Restatement (Second) of Torts § 876 (1979). In *Hampton*, we concluded as follows:

> In 1996, the Supreme Court of Texas declined to adopt section 876 and cautioned that "whether such a theory of liability is recognized in Texas is an open question." *Juhl v. Airington*, 936 S.W.2d 640, 643 (Tex. 1996). The Court has yet to answer that question. *See First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 224 (Tex. 2017) (reiterating that "this Court has not expressly decided whether Texas recognizes a cause of action for aiding and abetting"); *Grant Thornton LLP v. Prospect High Income Fund*, 314 S.W.3d 913, 930 n.28 (Tex. 2010) (declining to decide whether cause of action exists because plaintiff failed to provide sufficient evidence); *Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 583 n.7 (Tex. 2001) (same).

607 S.W.3d at 4-5. We will not revisit this conclusion here. We also decline the Roberts Appellants' suggestion that we adopt the "concert of action theory," i.e., subsection (b) of Section 876, discussed in *Juhl*. *See* 936 S.W.2d at 644-45 (discussing imposition of this type of liability in other jurisdictions but concluding that even if supreme court were to adopt subsection (b), "defendants' conduct was simply not the type of highly dangerous, deviant, or anti-social group activity which was likely to cause serious injury or death to a person or certain harm to a large number of people"). Regardless of whether we believe that the allegations in this case might rise

to the level of "conduct posing a high degree of risk to others," only the Texas Supreme Court or the Legislature can decide whether to recognize a cause of action for the assistance and encouragement that the Roberts Appellants allege that Vijay, BaliJepalli, and Murthy provided to Kris. *See, e.g.*, *Gamble v. Anesthesiology Assocs., P.S.C.*, No. 05-20-01024-CV, 2022 WL 2865877, at *7 (Tex. App.—Dallas July 21, 2022, no pet.) (mem. op.) (noting that "it is an 'open question' whether a tort exists in Texas for 'assisting and encouraging'" (citing *Juhl*, 936 S.W.2d at 643)). Because we cannot overrule a prior panel decision of this Court, because no intervening law has changed our analysis in *Hampton* that the Texas Supreme Court has not expressly decided whether a cause of action for aiding and abetting exists, and because we may not be the first to adopt either an aiding-and-abetting cause of action or an assisting-and-encouraging cause of action, we overrule the Roberts' Appellants two issues. We affirm the trial court's orders dismissing their claims against Vijay, BaliJepalli, and Murthy.

**Request for Damages Under Rule 45**

We turn to Vijay, BaliJepalli, and Murthy's request for damages under Rule 45. *See* Tex. R. App. P. 45. They assert that this appeal is frivolous and justifies an award of damages because controlling precedent required the trial court to dismiss the Roberts Appellants' claims against them and also requires us to affirm the orders. We disagree that the appeal was frivolous.

While controlling precedent required both the trial court to dismiss and this Court to affirm the dismissal of the Roberts Appellants' claims against Vijay, BaliJepalli, and Murthy, under the circumstances of this case, where the Roberts Appellants seek recognition of a previously unrecognized cause of action, their appeal is not frivolous. Instead, it is the only path they can pursue to obtain the relief they desire. The existing precedent only establishes that no aiding-and-

abetting or assisting-or-encouraging cause of action has yet been recognized in Texas—there is no precedent establishing that these causes of action will never be recognized. The Texas Supreme Court's denial of the petition for review in *Hampton* was not a ruling on the merits of that petition. Denial of a petition for review means only that the Texas Supreme Court "is not satisfied that the opinion of the court of appeals has correctly declared the law in all respects, but determines that the petition presents no error that requires reversal . . . ." *See id.* R. 56.1(b)(1). It does not give any indication what the Court's decision would be on the merits of an issue. *See Loram Maint. of Way, Inc. v. Ianni*, 210 S.W.3d 593, 596 (Tex. 2006). We note that there were other issues raised in *Hampton* that might also have contributed to the denial of the petition for review in that case. *See* 607 S.W.3d at 8 (affirming judgment for Equity Trust on ground of limitations). We hold that this appeal is not frivolous, and damages under Rule 45 are not warranted in this case.

## CONCLUSION

Because we hold that we cannot overrule a prior panel decision holding that no cause of action for aiding or abetting or for assisting or encouraging has been formally recognized in Texas and that we may not be the first to do so, *see Hampton*, 607 S.W.3d at 4-5, we affirm the trial court's orders dismissing the Roberts Appellants' claims against Vijay, BaliJepalli, and Murthy. We hold that the appeal is not frivolous, and we do not award damages under Rule 45.

_____

Gisela D. Triana, Justice

Before Justices Baker, Triana, and Theofanis

Affirmed

Filed: April 20, 2023

8