# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-14-0029-CV

**Oscar Melendez and Connie Melendez, Appellants**

**v.**

**Citimortgage, Inc.; Ernestine Williams; and Wendy Alexander, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
### NO. D-1-GN-12-002555, HONORABLE TIM SULAK, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

We withdraw the opinion and judgment dated June 25, 2015, and substitute the following opinion and judgment in their place. We deny appellant's motion for rehearing.

Oscar and Connie Melendez appeal from summary judgment of their lawsuit against Citimortgage, Inc. (Citi), Ernestine Williams, and Wendy Alexander (collectively, "defendants").[1] The Melendezes sued the defendants after Citi sought to foreclose on the Melendezes' property in Pflugerville, Texas. The Melendezes brought a variety of claims related to the foreclosure and sought damages as well as a declaration that they hold superior title to the property. The trial court

---

[1] Wendy Alexander was dismissed from the lawsuit before Citi and Williams filed their summary-judgment motions. The Melendezes are not appealing the order dismissing Alexander, and she is not a party to the appeal.

granted Citi's and Williams's summary-judgment motions. For the reasons that follow, we will affirm the trial court's orders granting summary judgment.

## BACKGROUND

In August 2005, Oscar Melendez executed a note for $179,249.00, payable to Amtrust Mortgage Corporation (Amtrust) as lender "and its successors and assigns."[2] As part of the loan transaction, both Melendezes signed a deed of trust, dated the same day as the note, which created a lien on the property to secure payment of the note. About two weeks later, Amtrust sent the Melendezes a letter notifying them that Amtrust had transferred the servicing rights of their mortgage to Citi and instructing them to make their mortgage payments to Citi. Amtrust subsequently assigned the note to Citi by special endorsement.

The deed's beneficiary is "Mortgage Electronic Registration Systems, Inc. (MERS) (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns)." The deed provides that:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, *MERS* (*as nominee for Lender and Lender's successors and assigns*) *has* the right to exercise any or all of those interests, including, but not limited to, *the right to foreclose and sell the Property and to take any action required of Lender including*, *but not limited to, releasing, canceling or assigning this Security Instrument*.

(Emphasis added.) In May 2011, MERS assigned the deed to Citi.

---

[2] Unless otherwise noted, the facts cited herein are taken from the summary-judgment evidence.

2

The Melendezes defaulted on the loan in 2011. They have not made a payment on the loan since November 2011. In December 2011, Citi sent written notice of default to the Melendezes, warning them that failure to cure their default would result in acceleration of the loan and potential sale of the property under the terms of the deed. In May 2012, Citi removed the original trustee and appointed Wendy Alexander as substitute trustee. On June 8, 2012, Citi sent the Melendezes notice that their loan had been accelerated and that Citi intended to effect a foreclosure sale on July 3, 2012. Citi filed a copy of the posting of foreclosure sale with the county clerk on June 11, 2012. Alexander executed a substitute trustee's deed on July 3, 2012, conveying the property to Citi. Appellee Williams is the affiant on the substitute trustee's deed.

After the foreclosure sale, the Melendezes filed this suit, asserting claims for breach of contract; quiet title; violations of Texas Civil Practices and Remedies Code Section 12.002; and negligence per se, based on alleged breaches of Texas Property Code Sections 51.001(3), 51.001(7), 51.000(b)(2), and 51.0025. The Melendezes asserted in their petition that "any document purporting to allow MERS to transfer any document is fraudulent" because MERS never had any interest in the note itself, which they asserted undermines the deed assignment and all subsequent appointments and transactions.

Citi filed a traditional and no-evidence summary-judgment motion. Citi contended that the deed assignment was valid and gave it authority to foreclose under the terms of the deed and as mortgagee under the Texas Property Code. *See* Tex. Prop. Code. §§ 51.001(4)(C) (defining mortgagee as the "last person to whom the security interest has been assigned of record"), .0075(c) (mortgagee or mortgage servicer may appoint substitute trustee to conduct foreclosure). Citi also

3

explained that Amtrust had notified the Melendezes in 2005 that Amtrust had assigned, sold, or transferred the mortgage-servicing rights to Citi and had instructed the Melendezes to make payments to Citi. *See id.* § 51.001(3) ("'Mortgage servicer' means the last person to whom a mortgagor has been instructed by the current mortgagee to send payments for the debt secured by a mortgagee instrument. A mortgagee may be the mortgage servicer."). Citi's summary-judgment evidence included the note, bearing a special endorsement to Citi; the deed; the deed assignment from MERS to Citi; the substitute trustee's deed; the letter from Amtrust to the Melendezes notifying them that Citi is the mortgage servicer; an affidavit of Citi's employee, Carlos Arguedas, stating that Citi is the mortgage servicer; the general notice of the substitute trustee's sale; and Citi's notices to the Melendezes regarding acceleration, foreclosure, and the trustee's sale.

Citi urged the trial court to grant summary judgment as to all claims premised on defects in the assignment of the loan, deed, or servicing rights because the Melendezes lack standing to challenge an assignment to which they were not a party. Citi argued that this lack of standing disposed of all of the Melendezes' claims except the breach-of-contract claim, which fails due to the Melendezes' material breach of nonpayment. In addition, Citi asserted that its summary-judgment evidence demonstrated that it is the current mortgagee of the loan, and therefore, as a matter of law, it has authority to foreclose against the property. Citi also argued that the Melendezes' allegation that Citi had violated Section 51.0025 because it lacked a servicing agreement with the current mortgagee failed to state a valid claim, given that Citi was both the mortgage servicer and the mortgagee. *See* Tex. Prop. Code § 51.0025 (establishing conditions under which mortgage servicer may administer foreclosure on behalf of mortgagee). Finally, Citi urged the trial court to grant

4

summary judgment on a no-evidence basis because the Melendezes had no evidence to support certain elements of their claims.

The Melendezes responded to Citi's summary-judgment motion and filed an amended petition, adding new claims for violations of the Texas Debt Collection Act, wrongful foreclosure, and wrongful eviction, and for a declaratory judgment voiding the substitute trustee's deed and sale of the property. They also amended their breach-of-contract claim. In their amended petition, the Melendezes relied more heavily on their theory that the deed assignment to Citi was invalid, arguing that the assignment was deficient not only because MERS had no interest in the note, but also because MERS's assistant secretary lacked authority to sign the assignment. The Melendezes' summary-judgment evidence included an affidavit of their attorney, a deposition of an officer of MERS, and a letter from the Ohio Secretary of State to a United States Attorney. In both their amended petition and their response to Citi's summary-judgment motion, the Melendezes argued that they have standing to challenge assignments and that the deed assignment's defects prevented Citi from being a mortgagee or mortgage servicer entitled to foreclose under the Texas Property Code.

Citi filed a reply to the Melendezes' response arguing that all of the Melendezes' claims, including the newly added claims and the amended breach-of-contract claim, stem from their erroneous theory that the deed assignment was not valid. Citi reiterated that its summary-judgment evidence established that MERS had assigned its interest under the deed to Citi and that Citi was the mortgage servicer on the loan, meaning that it had authority to foreclose both as mortgagee and as mortgage servicer. Citi did not amend its summary-judgment motion.

5

Williams filed a no-evidence summary-judgment motion. The Melendezes did not file a response to Williams's motion.

The trial court granted both Citi's summary-judgment motion and Williams's summary-judgment motion. The Melendezes filed a motion to vacate judgment, which was overruled by operation of law. This appeal followed.

**STANDARD OF REVIEW**

When a party moves for summary judgment under Texas Rules of Civil Procedure 166a(c) and 166a(i) and the trial court grants the motion without specifying the grounds, we usually conduct our initial review under the no-evidence standard of Rule 166a(i). *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the nonmovant is unable to produce evidence that raises a genuine issue of material fact, then we need not analyze whether the movant's evidence satisfied Rule 166a(c). *Id.* In the interest of efficiency, however, we may review under the traditional standard of Rule 166a(c) first if that standard is dispositive, as it is in this case for Citi's summary-judgment motion. *See Poag v. Flories*, 317 S.W.3d 820, 825 (Tex. App.—Fort Worth 2010, pet. denied); *see also* Tex. R. App. P. 47.1 (appellate courts must hand down opinions that are as brief as practicable but that address every issue raised and necessary to disposition of appeals).

We review traditional summary-judgment motions de novo, taking all evidence favorable to the nonmovant as true, indulging every reasonable inference, and resolving any doubts in the nonmovant's favor. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215-16 (Tex. 2003). In a traditional summary-judgment motion, the movant bears the initial burden to show that it is entitled to judgment as a matter of law because there is no genuine issue of material fact.

6

*Id.* (citing Tex. R. Civ. P. 166a(c)). A defendant need negate only one essential element of a cause of action to be entitled to summary judgment on that claim. *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). Once the movant produces evidence entitling it to summary judgment, the burden shifts to the nonmovant to present evidence that raises a fact issue. *See Phan Son Van v. Pena*, 990 S.W.2d 751, 754 (Tex. 1999).

Williams filed her summary-judgment motion under the no-evidence standard of Rule 166a(i) alone. A no-evidence summary-judgment motion can be granted if, after adequate time for discovery, the movant asserts that there is no evidence of an essential claim or defense for which the nonmovant bears the burden of proof and the nonmovant fails to respond with evidence raising a fact issue on the challenged elements. *LMB, Ltd. v. Moreno*, 201 S.W.3d 686, 688 (Tex. 2006) (per curiam) (citing Tex. R. Civ. P. 166(a)(i)).

## ANALYSIS

In three issues on appeal, the Melendezes argue that the trial court erred by granting summary judgment because (1) Citi did not address all of the Melendezes' claims in its summary-judgment motion, (2) there was sufficient summary-judgment evidence to raise a fact issue on one or more claims, and (3) the summary-judgment record shows that Williams was acting without capacity. Citi responds that (1) its summary-judgment motion refutes any claims not addressed in its motion by establishing the deed assignment's validity and (2) its summary-judgment evidence conclusively established that it was entitled to foreclose on the property. Williams responds that the trial court properly granted her no-evidence summary-judgment motion because the Melendezes failed to respond to it.

7

**Citi undermined the Melendezes' claims**

In their first point of error, the Melendezes argue that the trial court should have denied summary judgment on the claims that they added in their amended petition because Citi's summary-judgment motion did not address these claims. Citi challenged the new claims in its reply but did not amend its summary-judgment motion to address them. It is generally reversible error for a trial court to grant summary judgment on a claim not explicitly addressed within the summary-judgment motion, but there is a limited exception to this rule when the error is harmless because the motion raises grounds that undermine the unaddressed claim. *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297-98 (Tex. 2011). This exception applies "(1) when the movant has conclusively proved or disproved a matter (usually corresponding to a claim's element or to an affirmative defense) that would also preclude the unaddressed claim as a matter of law or (2) when the unaddressed claim is derivative of the addressed claim, and the movant proved entitlement to summary judgment on that addressed claim." *Wilson v. Davis*, 305 S.W.3d 57, 73 (Tex. App.—Houston [1st Dist.] 2009, no pet.).

As we will discuss in more detail below, Citi proved as a matter of law that the deed assignment was valid, which disproved most of the Melendezes' claims. Citi raised this ground for summary judgment in its motion. The Melendezes' claims for (1) filing a fraudulent lien, (2) negligence per se based on violations of Property Code Chapter 51, (3) breach of contract, (4) violations of the Texas Debt Collection Act, and (5) relief for wrongful foreclosure, wrongful eviction, and forcible detainer are all based on their allegation that the deed assignment was invalid and therefore Citi lacked authority to notice and conduct the foreclosure sale. Their other claims

8

seeking to quiet title and to obtain injunctive relief and declaratory judgment are derivative of these addressed claims. Consequently, Citi adequately proved its entitlement to summary judgment on the basis of the deed assignment, and the trial court did not err by granting Citi's summary-judgment motion. Similarly, to the extent the Melendezes raised any new claims in their amended petition asserting that Citi had not provided proper notice of the foreclosure (on a basis other than Citi's alleged lack of authority to provide notice), Citi had addressed these claims with its summary-judgment evidence of the notices provided to the Melendezes. We overrule the Melendezes' first issue.

**Citi's summary-judgment evidence established its authority to foreclose**

Virtually all of the Melendezes' claims rest on their contention that Citi lacked authority to foreclose as the mortgagee because MERS's assignment of the deed to Citi was not valid. Either a mortgagee or a mortgage servicer may initiate a nonjudicial foreclosure under the Texas Property Code. Tex. Prop. Code §§ 51.0025 (mortgage servicer may administer foreclosure on behalf of mortgagee), .0075(c) (mortgagee or mortgage servicer may appoint substitute trustee to conduct foreclosure). The Property Code defines a mortgage servicer as "the last person to whom a mortgagor has been instructed by the current mortgagee to send payments for the debt secured by a security instrument," and a mortgagee as "(A) the grantee, beneficiary, owner, or holder of a security instrument; (B) a book entry system; or (C) if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." *Id*. § 51.0001(3), (4).

9

Citi attached evidence of the mortgage-servicing-rights transfer and the deed assignment to its summary-judgment motion. Amtrust's letter to the Melendezes informed them that Amtrust had transferred the servicing rights to Citi and instructed the Melendezes to make future payments to Citi. Accordingly, in September 2005, Citi became the mortgage servicer as defined by the Property Code, regardless of whether it later became the mortgagee. *Id.* § 51.0001(3) ("'Mortgage servicer' means the last person to whom a mortgagor has been instructed by the current mortgagee to send payments for the debt secured by a security instrument."). Citi also submitted the deed assignment as summary-judgment evidence, which established it as the mortgagee. *Id.* § 51.0001(4)(C) ("[I]f the security interest has been assigned of record, the last person to whom the security interest has been assigned of record" is the mortgagee.). This summary-judgment evidence put the onus on the Melendezes to refute Citi's status as mortgage servicer and mortgagee. *See Ayeni v. State*, 440 S.W.3d 707, 709 (Tex. App.—Austin 2013, no pet.) (mem. op.) (when movant meets initial burden of demonstrating that there is no genuine issue of material fact, burden of raising genuine issue of material fact shifts to nonmovant).

The Melendezes did not submit any summary-judgment evidence refuting the validity of either Amtrust's transfer of the mortgage-servicing rights to Citi or MERS's assignment of the deed to Citi. In their summary-judgment response, the Melendezes' only argument about Citi's status as the mortgage servicer is that it could not appoint itself as the mortgage servicer because it was not the mortgagee. Citi, however, was already the mortgage servicer before it became the mortgagee, and the Melendezes offered no evidence to refute the 2005 letter from Amtrust instructing them to send payments to Citi. Likewise, the only evidence submitted by the Melendezes

10

with their summary-judgment response—their attorney's affidavit, the Ohio Secretary of State's letter, and the deposition of William Hultman—does not raise a fact issue about the validity of MERS's assignment of the deed to Citi. The letter and deposition refer to suspected notary fraud in Ohio, not the specific facts of this case. The deposition was taken for an unrelated case before MERS ever assigned the deed in this case. Moreover, the Melendezes do not explain how or why these documents show that MERS's assistant secretary lacked authority to sign the assignment.[3]

---

[3] Even if the Melendezes had submitted summary-judgment evidence raising a fact issue about the validity of the assignment, they do not have standing to challenge the assignment. They did not allege any grounds that would render the assignment void, which is the only circumstance in which mortgagors who are not a party to a deed-of-trust assignment have standing to challenge that assignment. *Tri-Cities Constr., Inc. v. American Nat'l Ins. Co.*, 523 S.W.2d 426, 430 (Tex. App.—Houston [1st Dist.] 1975, no writ) ("The law is settled that the obligors of a claim may defend the suit brought thereon on any ground which renders the assignment void, but may not defend on any ground which renders the assignment voidable only, because the only interest or right which an obligor of a claim has in the instrument of assignment is to insure himself that he will not have to pay the same claim twice."). The Melendezes contend the assignment was defective because (1) Amtrust had forfeited its corporate privileges in Texas and ceased to exist prior to the assignment, rendering MERS incapable of assigning the deed as Amtrust's nominee or agent, (2) MERS lacked authority to assign the deed because it had no interest in the note, and (3) the assistant secretary who signed the assignment lacked authority. These arguments could render the assignment voidable at most. First, the Melendezes claim that Amtrust forfeited its corporate privilege, and their attorney's affidavit states that Amtrust's right to do business in Texas was terminated, but that alone does not mean that Amtrust ceased to exist or lost its ability to pursue its rights under the deed. Tex. Bus. Orgs. Code § 9.251(12)(C) (entity need not maintain its right to do business in Texas to enforce its right securing a debt); *Hinkle v. Adams*, 74 S.W.3d 189, 193 (Tex. App.—Texarkana 2002, no pet.) (forfeiture of corporate privileges does not extinguish corporation as entity). Moreover, the Melendezes did not present summary-judgment evidence to establish that Amtrust had ceased to exist, but even if Amtrust was truly defunct, the deed's own terms allowed MERS to act on behalf of Amtrust's successors and assigns. Second, the nominee under a deed of trust can assign that deed of trust separately from the note. *Bierwirth v. BAC Home Loans Servicing, L.P.*, No. 03-11-00644-CV, 2012 WL 3793190, at *3-4 (Tex. App.—Austin Aug. 30, 2012, pet. denied) (mem. op.). Finally, "[w]hen someone without authorization signs a conveyance on behalf of a grantor corporation, the cause of action for fraud to set aside the assignment belongs to the grantor. A third party lacks standing to challenge this voidable defect in the assignment." *Morlock, L.L.C. v. Bank of New York*, 448 S.W.3d 514, 517 (Tex. App.—Houston [1st Dist.] 2014,

11

Consequently, Citi established as a matter of law that it had authority to foreclose as both mortgage servicer and mortgagee.

In addition, Citi's summary-judgment evidence conclusively established that it provided proper notice under the Property Code. The 2005 letter from Amtrust to the Melendezes instructing them to send payments to Citi satisfies the requirements of both Sections 51.0001(3) and 51.0025(1). *See* Tex. Prop. Code §§ 51.0001(3) (defining "mortgage servicer"); .0025(1) (requiring agreement between mortgage servicer and mortgagee allowing mortgage servicer to severice mortgage). Citi's summary-judgment evidence also included a certified copy of the notice of the substitute trustee's sale, which indicated that the sale was to occur at the Travis County Courthouse, and bears the Travis County Clerk's stamp that it was filed and recorded. This notice complies with Section 51.002(b)(2). *See id.* § 51.002(b)(2) (establishing notice requirements). Therefore, Citi's summary-judgment evidence established as a matter of law that it complied with the Property Code's notice requirements. We overrule the Melendezes' second issue.

**The Melendezes did not respond to Williams's no-evidence summary-judgment motion**

Williams was the affiant on the statement of facts attached to the substitute trustee's deed executed after the foreclosure sale. On appeal, the Melendezes argue that Williams was charged with knowledge of the public record, i.e., with knowledge of the deed assignment's defects. Consequently, they assert, her actions on behalf of Citi violated the Texas Civil Practices and

---

pet. denied) (citations omitted)). Because the Melendezes failed to raise any grounds that would render the assignment void, they lack standing to challenge the assignment.

12

Remedies Code and the Texas Debt Collections Act, were a breach of contract, and constituted a wrongful foreclosure.

The Melendezes failed to respond in the trial court after Williams filed her no-evidence summary-judgment motion. Williams asserts that this failure to respond is fatal. We agree. "In response to a no-evidence ground for summary judgment, the nonmovants need not marshal their proof; however, their summary-judgment response needs to point out evidence that raises a genuine issue of fact as to the challenged elements." *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 330 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Under Rule 166a(i), the trial court "*must* grant the motion unless the respondent produced summary-judgment evidence raising a genuine issue of material fact." Tex. R. Civ. P. 166a(i) (emphasis added). The Melendezes produced no evidence in response to Williams's motion. We overrule the Melendezes' third issue.

### CONCLUSION

Having overruled the Melendezes' issues, we affirm the trial court's orders granting summary judgment for Citi and Williams.

_____

Cindy Olson Bourland, Justice

Before Chief Justice Rose, Justices Goodwin and Bourland

Affirmed on Motion for Rehearing

Filed: October 2, 2015